UNITED STATES of America, Appellee,

v.

Richard HAMILTON, Appellant.

No. 76–1313.

United States Court of Appeals,
Tenth Circuit.

Argued and Submitted March 18, 1977.

Decided April 13, 1977.

Stephen K. Lester, Wichita, Kan. (E. Edward Johnson, U.S. Atty., Topeka, Kan., with him on the brief), for appellee.

Russell E. Grant, Mulvane, Kan., for appellant.

Before McWILLIAMS, BREITENSTEIN and DOYLE, Circuit Judges.

BREITENSTEIN, Circuit Judge.

Petitioner-appellant Hamilton appeals from an order denying his "Motion and Petition to Vacate Conviction and Sentence" submitted alternatively under Rule 35, F.R.Crim.P., and 28 U.S.C. § 2255. We affirm.

On October 18, 1972, in the United States District Court for the District of Kansas, petitioner pleaded guilty to conspiring to import a controlled substance in violation of 21 U.S.C. §§ 960 and 963. On December 11, he was sentenced to imprisonment for three years with parole eligibility to be determined pursuant to 18 U.S.C. § 4208(a)(2). At the time of plea and sentence he was not told of any mandatory parole term.

The Bureau of Prisons called the attention of the trial court to the mandatory parole provisions of the narcotic laws. On April 5, 1973, the court on its own motion and without notice to, or presence of, petitioner or his retained counsel, amended the judgment of sentence to impose the mandatory three-year parole provision of 21 U.S.C. § 841. Petitioner had pleaded guilty to violations of 21 U.S.C. §§ 960 and 963.

Petitioner then filed a motion for correction of sentence and pointed out that he had not been prosecuted under § 841. In his motion petitioner said that a "Special Parole Term of Two Years pursuant to 21 U.S.C. § 960 would be proper." He asked that the judgment and sentence as amended on April 5 be amended to provide for the two-year parole requirement of § 960. On September 20, without notice to, or presence of, petitioner or his counsel, the court again amended the judgment to provide for a two-year special parole as required by § 960. The unique parole provisions of the 1970 amendments to the narcotic laws only become material if the defendant violates his parole provisions. See *Bachner v. United States*, 7 Cir., 517 F.2d 589, 597, and *McRae v. United States*, 8 Cir., 540 F.2d 943, 946, n.3.

The acceptance of the guilty plea and the subsequent imposition of sentence, both without advising the petitioner of the mandatory parole requirements, violated Rule 11(c), F.R.Crim.P. *McCarthy v. United States*, 394 U.S. 459, 471–472, 89 S.Ct. 1166, 22 L.Ed.2d 418. The first amendment

of the sentence, the addition of the mandatory parole requirement, took place without notice to, or the presence of, either the petitioner or his retained counsel. In *Mayfield v. United States*, 10 Cir., 504 F.2d 888, in the absence of both defendant and counsel, the district court resentenced the defendant by adding to the original sentence the mandatory parole requirement of § 841. We held that the presence of the defendant was required and remanded for resentencing. Ibid. at 889.

Petitioner's application for alternative relief either under Rule 35, F.R.Crim.P. or under § 2255 was denied by the court without any response by the government and without hearing oral argument. Petitioner has served his term. On September 8, 1976, the United States Parole Commission terminated his special parole term. The government concedes that the release from parole does not moot the case. See *Carafas v. LaVallee*, 391 U.S. 234, 237, 88 S.Ct. 1556, 20 L.Ed.2d 554.

■ The trial court held, and the government contends, that petitioner's motion for correction of sentence, which asserted that parole could only be ordered under § 960, waived any objection he might have had to a violation of Rule 11. Petitioner's motion was for correction of sentence under Rule 35. A motion to correct a sentence does not attack the validity of the underlying conviction. *Brown v. United States*, 5 Cir., 480 F.2d 1036, 1039. The § 2255 proceeding before us attacks the validity of the conviction. The presentation of the Rule 35 motion was no waiver of a right to proceed under § 2255.

The district court violated Rule 11 in failing to advise petitioner of the mandatory parole term. In *McCarthy v. United States*, 394 U.S. 459, 471, 89 S.Ct. 1166, 1173, 22 L.Ed.2d 418, the court said "prejudice inheres in a failure to comply with Rule 11." At least four circuits have held that a guilty plea must be set aside when the trial court has failed to advise a defendant of the mandatory parole provisions of the narcotic laws. See *United States v. Yazbeck*, 1 Cir., 524 F.2d 641; *Ferguson v.*

*United States*, 2 Cir., 513 F.2d 1011; *United States v. Wolak*, 6 Cir., 510 F.2d 164; and *Roberts v. United States*, 3 Cir., 491 F.2d 1236.

None of the four decisions just cited mentioned the decision in *Davis v. United States*, 417 U.S. 333, 94 S.Ct. 2298, 41 L.Ed.2d 109. In that case the petitioner sought § 2255 relief for vacation of his conviction because of a post-conviction change in the construction of the Selective Service laws. The Court stated that not all errors of law could be raised on a § 2255 motion. The Court reiterated its holding in *Hill v. United States*, 368 U.S. 424, 429, 82 S.Ct. 468, 7 L.Ed.2d 417, that for collateral relief to be available something more than a simple violation of a formal requirement of a rule of criminal procedure must be shown. The Court suggested that the proper inquiry under § 2255 is, Ibid. 417 U.S. at 346, 94 S.Ct. at 2305:

"[W]hether the claimed error of law was 'a fundamental defect which inherently results in a complete miscarriage of justice,' and whether '[i]t . . . present[s] exceptional circumstances where the need for the remedy afforded by the writ of *habeas corpus* is apparent.'"

The *Davis* decision has resulted in two circuits denying § 2255 relief when the defendant was not advised of a special mandatory parole term prior to the acceptance of his guilty plea. See *Bachner v. United States*, 7 Cir., 517 F.2d 589; *McRae v. United States*, 8 Cir., 540 F.2d 943, and *United States v. Ortiz*, 8 Cir., 545 F.2d 1122. These cases all stress the lack of a fundamental defect resulting in a complete miscarriage of justice or presenting special circumstances justifying collateral relief. In *Bell v. United States*, 4 Cir., 521 F.2d 713, cert. denied 424 U.S. 918, 96 S.Ct. 1121, 47 L.Ed.2d 324, § 2255 relief was denied in a similar situation without discussion of *Davis*.

No Tenth Circuit decision considers the general applicability of § 2255 and Rule 11 in the light of *Davis*. The dicta found in *United States v. Jones*, 10 Cir., 540 F.2d

465, 468–469, has no precedential value. In that case the defendant pleaded not guilty and was convicted by a jury. Rule 11 was not at issue. *Mayfield v. United States*, 10 Cir., 504 F.2d 888, rejected an amended sentence because neither the defendant nor his counsel was present when the action was taken.

■ The application to the case at bar of the *Davis* tests of miscarriage of justice and exceptional circumstance convinces us that the petitioner is not entitled to § 2255 relief. Petitioner was represented by competent retained counsel both at arraignment and sentence. The trial court explained the petitioner's rights at length and was assured both by the petitioner and his lawyer that the guilty plea was voluntary. The ultimate sentence was three years and two years parole. The total period did not exceed the term of imprisonment which the court told petitioner he might receive for his offense. After he knew of the mandatory parole provisions, petitioner did not seek vacation of the guilty plea but rather sought modification of the sentence under Rule 35 to provide for a two-year parole. He did not file the pending § 2255 motion until three years later. We are convinced that the petitioner voluntarily pleaded guilty and was not prejudiced by the technical rule violation. On the record before us the failure to advise the petitioner of the mandatory parole term did not inherently result in a miscarriage of justice or present exceptional circumstances justifying collateral relief. The district court properly denied the § 2255 motion.

■ In the alternative, petitioner's motion was based on Rule 35 relating to correction or modification of sentence. The second amended sentence, which imposed the three-year term plus two years parole did not exceed the statutory penalty and was legal. The time has past when petitioner could seek a reduction of sentence and, indeed, he has been released from parole.

We recognize the recent decision in *United States v. Watson*, D.C.Cir., 548 F.2d 1058. That case related to a claimed Rule 11 violation arising from failure to tell a defendant of the mandatory parole requirement of certain narcotic laws. A pro se litigant, later represented by counsel, sought to invoke § 2255. The court discussed *Davis* and referred to the "uncertainties that accompany the resolution of the scope of 2255 in relation to a Rule 11 violation." The court remanded the case to the district court for consideration under the standards provided in Rule 32(d). That rule says that to correct manifest injustice the court may permit a defendant to withdraw his plea. Nothing is to be gained by the invocation of Rule 32(d). *Davis* says that § 2255 may be used when a § 2255 motion presents a defect which results in a miscarriage of justice. We are convinced that there was no miscarriage of justice in the case at bar.

Affirmed.