UNITED STATES of America, Plaintiff-Appellee,

v.

William Edward EATON, Defendant-Appellant.

No. 77-1778.

United States Court of Appeals, Tenth Circuit.

Submitted Jan. 6, 1978.

Decided March 13, 1978.

Rehearing Denied April 19, 1978.

---

Appellant, William Edward Eaton, filed a memorandum in support of reversal pro se.

Charles E. Graves, U. S. Atty., and Toshiro Suyematsu, Asst. U. S. Atty., Cheyenne, Wyo., appeared on behalf of appellee.

Before SETH, Chief Judge, and PICKETT and McWILLIAMS, Circuit Judges.

PER CURIAM.

Appellant Eaton, presently incarcerated in the Federal Correctional Institution, San Pedro, California, appeals from an order of the United States District Court for the District of Wyoming denying relief sought pursuant to 28 U.S.C. § 2255, or in the alternative Rule 32(d), Federal Rules Criminal Procedure. We affirm for the reasons set forth below.

On May 3, 1976, Eaton pled guilty to charges of unlawful distribution of heroin, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A). He was sentenced to a term of five years imprisonment to be followed by a four year special parole term.

The record of the plea proceedings indicates that the district court complied with Rule 11, F.R.Crim.P., in advising Eaton of his rights and establishing a factual basis for his guilty plea. Eaton was advised that a special parole term of *at least* three years could be imposed, in addition to imprisonment. Eaton now claims that the failure of the trial court to inform him of the possible lifetime consequences of the special parole term requires vacation of his sentence.

At the time appellant entered his plea of guilty, Rule 11(c)(1), as amended in 1975, was in effect. That amendment specifies the "consequences" of a guilty plea under the prior rule, about which a defendant must be informed, and requires that a defendant understand the mandatory minimum penalty and the *maximum* possible penalty provided by law.

In *United States v. Hamilton*, 553 F.2d 63 (10th Cir. 1977), a case involving Rule 11 prior to amendment, this court recognized that the mandatory special parole term is a consequence of a guilty plea. We now hold that the express language of Rule 11 as amended requires that a defendant be informed that the maximum possible penalty which may be imposed may include a possible lifetime special parole term. However, as the court opined in *United States v. Journet*, 544 F.2d 633, 636 n. 4 (2nd Cir. 1976):

"The word 'life-time' need not be used by the judge in delineating the maximum permissible parole term provided he clearly explains to the defendant the extent of the term which the court is authorized to impose."

See also *Johnson v. United States*, 539 F.2d 1241, 1242, n. 2 (9th Cir. 1976), cert. denied, 431 U.S. 918, 97 S.Ct. 2182, 53 L.Ed.2d 228.

The trial court's statement, that a special parole term of *at least* three years could be

imposed, implies the possibility of a more extensive parole term, but does not expressly delineate the maximum term.

Nonetheless, this conclusion does not end our inquiry, nor compel vacation of Eaton's guilty plea. In *United States v. Hamilton, supra,* we held that in order for collateral relief to be available, something more than a simple violation of a formal requirement of Rule 11 must be shown, and adopted the standard set forth in *Davis v. United States,* 417 U.S. 333, 94 S.Ct. 2298, 41 L.Ed.2d 109 (1974), that a technical rule violation must result in a miscarriage of justice or present exceptional circumstances to justify collateral relief.

Eaton urges that the *Davis-Hamilton* standard should not be applied to a guilty plea such as his own which was entered pursuant to the amended Rule 11. We disagree. The 1975 amendment to Rule 11 was a response to a series of cases which expanded the meaning of "consequences", and was an attempt to spell out in greater detail the nature of the inquiry a trial judge must make before accepting a guilty plea. The amendment does not dictate the sanction to be imposed for a violation of Rule 11, nor does it set forth the standard of review in a § 2255 motion for such violations.

This court's adoption in *Hamilton* of the *Davis* rationale for collateral review of guilty pleas was an attempt to reconcile the rigid enforcement of the rule as required by *McCarthy v. United States,* 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969), with the recognition that such enforcement erodes the principle of finality in a criminal case and may allow an obviously guilty defendant to go free because it is impossible as a practical matter to retry him. *DelVecchio v. United States,* 556 F.2d 106 (2nd Cir. 1977).

▮ Accordingly, where Eaton was represented by competent counsel, where the trial court explained his rights at length, and stressed that a parole term of at least three years could be imposed in addition to imprisonment, where the ultimate sentence was within the term of imprisonment which the court told Eaton he might receive, and where Eaton did not attack his guilty plea on direct appeal, the failure to advise him of the possible life-long special parole term did not result in a miscarriage of justice so as to justify collateral relief.

▮ Eaton also claims that the presentence report reflected a felony conviction for possession of a stolen tape deck, and that this information was erroneous in that such charge had been dismissed.

Before pronouncing sentence, the trial court mentioned Eaton's prior record, but stressed as a very important consideration the nature of Eaton's criminal activity. In ruling on Eaton's motion, the district court below, also the sentencing court, stated that it did not rely upon erroneous information in the presentence report and specified other prior convictions which are not challenged by Eaton.

Eaton cites *United States v. Tucker,* 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972), for the proposition that the trial court's consideration of erroneous information in his presentence report requires vacation of his guilty plea and resentencing. However, the resentencing requirement of *Tucker* is based upon the consideration of prior convictions which are constitutionally invalid, specifically on the basis of a denial of right to counsel. In *United States v. Green,* 483 F.2d 469 (10th Cir. 1973), cert. denied 414 U.S. 1071, 94 S.Ct. 583, 38 L.Ed.2d 477, we held that where the sentencing judge disavowed any reliance upon a prior conviction claimed by Green to be invalid because he was not represented by counsel, the sentence was not invalid. Therefore, *a fortiori,* where Eaton's claim of erroneous information is not of constitutional dimension, the district court's express disavowal of reliance is sufficient. *Johnson v. United States,* 485 F.2d 240 (10th Cir. 1973); *Hampton v. United States,* 504 F.2d 600 (10th Cir. 1974), cert. denied, 421 U.S. 917, 95 S.Ct. 1578, 43 L.Ed.2d 783. See also, *Crovedi v. United States,* 517 F.2d 541 (7th Cir. 1975); *Wilson v. United States,* 534 F.2d 130 (9th Cir. 1976); *United States v. Hodges,* 556 F.2d 366 (5th Cir. 1977).

When this case was docketed in this court, the parties were notified that the appeal would be decided on the original record without oral argument. The parties were invited to submit memoranda in support of their respective positions. Both parties have done so. We have thoroughly reviewed the files and records and are convinced that the order of the United States District Court for the District of Wyoming should be affirmed.