**Jerald Lee EVERS, Petitioner-Appellant,**

v.

**UNITED STATES of America and El Paso County Jail Sheriff, Mike Sullivan, Respondents-Appellees.**

**No. 77–1896.**

United States Court of Appeals, Tenth Circuit.

Submitted April 7, 1978.

Decided July 17, 1978.

Michael L. Griffith, Topeka, Kan., for petitioner-appellant.

James P. Buchele, U. S. Atty. and Mary K. Briscoe, Asst. U. S. Atty., Topeka, Kan., for respondents-appellees.

Before SETH, PICKETT and McWILLIAMS, Circuit Judges.

PER CURIAM.

This is an appeal from an order for the United States District Court for the District of Kansas denying Jerald Lee Evers' § 2255 motion challenging his plea of guilty on the ground that the trial court failed to advise him at the time he entered his plea of the maximum possible sentence which could be imposed. We affirm.

The record reflects that Evers was charged in the United States District Court for the District of Kansas with a violation of the Dyer Act, 18 U.S.C. § 2312. He entered a plea of guilty on September 17, 1974. Evers was sentenced on November 20, 1974 to two years probation under the Youth Corrections Act, 18 U.S.C. § 5010. The colloquy between the court and Evers at the entry of the plea complied with the requirements of Rule 11, Fed.R.Crim.P., except that the court did not advise Evers that the maximum possible sentence which could be imposed under the Youth Corrections Act was six years. Evers was advised that he could receive a maximum sentence of five years imprisonment and a $5,000 fine. For purposes of this appeal, we assume that it was error for the district court not to advise Evers that the maximum possible sentence under the Youth Corrections Act was six years. See, e. g., *Freeman v. United States*, 350 F.2d 940 (9th Cir. 1965); cf., *Robinson v. United States*, 474 F.2d 1085 (10th Cir. 1973).

Shortly after being released on probation, Evers was arrested on marijuana charges in Texas. Jurisdiction over Evers as a probationer was transferred to the United States District Court for the Western District of Texas pursuant to 18 U.S.C. § 3653. Thereafter, that court revoked Evers' probation

following a probation revocation hearing. Evers was then sentenced to a straight five year term of imprisonment. He subsequently filed this action for post-conviction relief pursuant to 28 U.S.C. § 2255.

In the district court and on appeal, Evers claims that *McCarthy v. United States*, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969) mandates that his plea be set aside and that he be allowed to plead anew. Evers strongly urges *McCarthy* established a per se rule requiring reversal of a guilty plea whenever there is a violation of Rule 11, regardless of the nature or extent of the violation. We disagree.

Not every violation of Rule 11 requires that the plea be set aside. In *United States v. Hamilton*, 553 F.2d 63 (10th Cir. 1977), we adopted the "miscarriage of justice" test established by the Supreme Court in *Davis v. United States*, 417 U.S. 333, 94 S.Ct. 2298, 41 L.Ed.2d 109 (1974). Both *Davis* and *Hamilton* were post conviction cases. Hamilton pled guilty to drug charges. He was not advised of the mandatory parole term required by the drug statutes either at the time he entered his plea or at sentencing. We held that in failing to advise Hamilton of the required parole term, the district court violated the requirements of Rule 11. Nevertheless, we found on the record that Hamilton's plea was voluntary and that he was not prejudiced by the trial court's error. We held that a guilty plea will be set aside on collateral attack only where to not do so would result in a miscarriage of justice, or where there exists exceptional circumstances justifying such relief. We reaffirmed *Hamilton* in another special parole term case, *Eaton v. United States*, 579 F.2d 1181 (10th Cir. 1978).

We think *Hamilton* and *Eaton* control here. Our review of the record convinces us that the error in failing to advise Evers of the maximum six-year term was at best technical. The district court held an evidentiary hearing on Evers' claim. During the course of such hearing, Evers admitted that he was informed he could receive a five-year term of imprisonment and a $5,000 fine. As noted, Evers was ultimately sentenced to five-years imprisonment following revocation of his probation. As in *Hamilton*, we are convinced that Evers' plea was voluntary. He was not prejudiced nor misled by the failure of the district court to advise him of the maximum six-year term of imprisonment. We hold that he was not entitled to relief.

When this case was docketed the parties were notified the appeal would be decided on the original record without oral argument. The parties were advised pursuant to Local Rule 9(d) that they could simultaneously file a memoranda in support of their respective positions. We now have before us appellant's memorandum. We have thoroughly reviewed the files and records in this case and are convinced the decision of the district court was correct.

Affirmed.