UNITED STATES of America,
Plaintiff-Appellee,

v.

Joe Sam SISNEROS,
Defendant-Appellant.

No. 78–1948.

United States Court of Appeals,
Tenth Circuit.

Submitted May 11, 1979.

Decided June 12, 1979.

William W. Deaton, Federal Public Defender, Albuquerque, N. M., filed a memorandum opposing summary action for defendant-appellant.

R. E. Thompson, U. S. Atty., Albuquerque, N. M., appeared for plaintiff-appellee.

Before SETH, Chief Judge, and BARRETT and LOGAN, Circuit Judges.

PER CURIAM.

Appellant Sisneros seeks review of the denial of his motion to vacate sentence brought pursuant to 28 U.S.C. § 2255. No direct appeal from Sisneros' guilty plea was taken.

Appellant was indicted on twelve counts of drug charges. Following his plea to one count, the remaining counts were dismissed. Sisneros was sentenced to ten years' imprisonment with a special parole term of three years added; the judgment and commitment was entered in December of 1975.

Sisneros has filed two prior motions to reduce sentence and one prior motion to vacate sentence pursuant to § 2255, all of which have been denied.

By this action Sisneros lists his complaints as follows:

1. The guilty plea is invalid as induced by promises of leniency at sentencing;

2. The presentence report relied on by the sentencing judge contained erroneous facts and prejudicial statements;

3. The trial judge failed to adequately apprise him of the consequences of the mandatory special parole term;

4. The judge failed to state when the special parole term would commence;

5. Sisneros has sustained considerable injury, pain and suffering because of inadequate medical treatment for an injury received during his incarceration at Leavenworth.

■ With respect to the medical mistreatment claim, the action was dismissed without prejudice. This claim is not cognizable in a federal habeas corpus proceeding. Sisneros will have to resort to the Federal Tort Claims Act or a *Bivens*-type action. The remainder of the claims center around the plea and sentencing proceedings.

■ The record refutes Sisneros' claim that the plea was induced by a promise of lenient treatment. Appellant and his attorney signed a memorandum of understanding as to the plea, clearly stating that no other promises, representations or inducements (other than dismissal of the other counts in the indictment) were made. The sentencing judge also adequately inquired of Sisneros as to the terms of the plea bargain. Having stated that no promise of a lighter sentence for a guilty plea was made, Sisneros cannot now complain about the sentence he received.

■ The alleged erroneous presentence report claim is related to this apparent expectation of leniency, but no facts are listed in support of this allegation. In fact, counsel's allocution at sentencing indicates *approval of* and *reliance on* the presentence report. No objections were made to anything contained therein either by counsel or by Sisneros, nor are there any indications of invalid prior convictions or erroneous information used as a basis for sentencing which could possibly be inferred from this record. Sisneros claims "no meaningful purpose can be developed by exposing passages" in the report, which undermines his position that there are any.

The other issues in this case relate to the trial court's failure to accurately apprise Sisneros of the mandatory special parole term's particular requirements. At the guilty plea hearing the trial court advised Sisneros as follows:

THE COURT: The penalty is 15 years and/or $25,000 with three years special parole which attaches automatically to any sentence. If it is a second offense the penalty is 30 years and/or $50,000 with six years special parole.

What the judge failed to explain was that the three- and six-year special parole terms are the statutory *minimum*. A defendant convicted under 21 U.S.C. § 841 can be sentenced to a maximum lifetime special parole. Had the judge indicated that the three years was a *minimum* special parole term, this consequence would have been made more clear. The judge also omitted to mention that the special parole term is imposed *in addition to* the term of imprisonment or imprisonment plus regular parole from incarceration. Finally, the onerous consequences of violating special parole were not delineated. A special parolee who

violates this parole receives no credit for the time spent on special parole, and apparently violating special parole almost automatically results in reincarceration. *See Howard v. United States,* 580 F.2d 716, 719 (5th Cir. 1978). If reincarceration is indicated, the special parole violator may be required to serve *all* of the original special parole term. 21 U.S.C. § 841(c).

█ These consequences are a very serious matter, and one with which we have dealt before. Failure to advise the defendant that the maximum possible penalty under this statute may include a possible lifetime special parole term is a violation of Rule 11. *United States v. Eaton,* 579 F.2d 1181, 1182 (10th Cir. 1978); *United States v. Hamilton,* 553 F.2d 63 (10th Cir.), *cert. denied,* 434 U.S. 834, 98 S.Ct. 122, 54 L.Ed.2d 96 (1977). However, the conclusion that Rule 11 was violated does not answer the question of whether Sisneros is entitled to relief.

In *Hill v. United States,* 368 U.S. 424, 428, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962), a § 2255 action, the Supreme Court held that the failure of the trial judge to ask a defendant represented by an attorney if the defendant had anything to say prior to sentencing is not of itself an error of the magnitude cognizable under a writ of habeas corpus.

The Court in 1969 determined that a defendant whose plea has been accepted in violation of Rule 11 has been inherently prejudiced and must be permitted to plead anew. *McCarthy v. United States,* 394 U.S. 459, 471–472, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969). *McCarthy* involved the failure of the judge to *personally* inquire of the defendant if the defendant understood the nature of the charge. Procedurally, *McCarthy v. United States, supra,* was a direct appeal from the guilty plea.

In 1974 the Supreme Court decided *Davis v. United States,* 417 U.S. 333, 94 S.Ct. 2298, 41 L.Ed.2d 109 (1974), a case involving the availability of collateral relief from a federal criminal conviction, based on an intervening change in substantive law. *Davis v. United States,* 417 U.S. at 334, 94 S.Ct.

2298. The *Davis* case arose by way of § 2255 *following* an unsuccessful direct criminal appeal of the conviction. The Supreme Court held, at p. 346, 94 S.Ct. at p. 2305.

This is not to say, however, that every asserted error of law can be raised on a § 2255 motion. In *Hill v. United States,* 368 U.S. 424, 429 [82 S.Ct. 468, 7 L.Ed.2d 417] (1962), for example, we held that "collateral relief is not available when all that is shown is a failure to comply with the formal requirements" of a rule of criminal procedure in the absence of any indication that the defendant was prejudiced by the asserted technical error. We suggested that the appropriate inquiry was whether the claimed error of law was a "fundamental defect which inherently results in a complete miscarriage of justice," and whether "[i]t . . . present[s] exceptional circumstances where the need for the remedy afforded by the writ of *habeas corpus* is apparent." *Id.,* at 428, [82 S.Ct., at 471] (internal quotation marks omitted). The Court did not suggest that any line could be drawn on the basis of whether the claim had its source in the Constitution or in the "laws of the United States."

Relying on this language, we determined in *United States v. Hamilton, supra,* that even though a failure to advise petitioner of certain mandatory parole requirements violated Rule 11, where the total sentence did not exceed the term of imprisonment the court had advised the petitioner he might receive for the offense, failure to advise petitioner of the mandatory parole provisions "did not inherently result in a miscarriage of justice or present exceptional circumstances justifying collateral relief." *United States v. Hamilton,* 553 F.2d at 66.

We affirmed the ruling in *Hamilton* in *United States v. Eaton, supra,* a case concerning one of the problems in the case at bar, to wit: failure to advise that "the maximum possible penalty which may be imposed may include a possible lifetime special parole term." *United States v. Eaton,* 579 F.2d at 1182. We held at page 1183 that where the defendant

was represented by competent counsel, where the trial court explained his rights at length, and stressed that a parole term of at least three years could be imposed in addition to imprisonment, where the ultimate sentence was within the term of imprisonment which the court told Eaton he might receive, and where Eaton did not attack his guilty plea on direct appeal, the failure to advise him of the possible life-long special parole term did not result in a miscarriage of justice so as to justify collateral relief.

■ *Eaton* involved a § 2255 action with no prior direct appeal of the guilty plea. In the case at bar, Sisneros was not told that the special parole term was "at least three years," but rather that the term *was* three years. However, the sentence Sisneros received was within the total fifteen years of which he had been advised. Therefore, under the law in this circuit, only a finding of manifest injustice would require a vacation of Sisneros' plea for the Rule 11 violations presented. *See also Evers v. United States,* 579 F.2d 71 (10th Cir. 1978).

The Supreme Court has recently lent support to this position. In *United States v. Timmreck,* —— U.S. ——, 99 S.Ct. 2085, 60 L.Ed.2d 634 (1979) the Court considered a decision by the Sixth Circuit involving a failure to advise of the mandatory special parole term under 21 U.S.C. § 841(b)(1)(A). The Sixth Circuit had determined that such violation of Rule 11 was cognizable under 28 U.S.C. § 2255, even where no direct appeal was taken from the guilty plea, because "a Rule 11 violation is per se prejudicial and thus must be a 'fundamental defect which inherently results in a complete miscarriage of justice.'" *Timmreck v. United States,* 577 F.2d 372, 377 (6th Cir. 1978). By unanimous decision, the Supreme Court reversed.

Reaffirming its position in *Hill v. United States, supra,* the Supreme Court held that the district court's failure to advise of the mandatory special parole term was not an error resulting in a " 'complete miscarriage of justice' or a proceeding 'inconsistent with the rudimentary demands of fair procedure.' "

Indeed, if anything, this case may be a stronger one for foreclosing collateral relief than the *Hill* case. For the concern with finality served by the limitation on collateral attack has special force with respect to convictions based on guilty pleas (footnote omitted).

"Every inroad on the concept of finality undermines confidence in the integrity of our procedures; and, by increasing the volume of judicial work, inevitably delays and impairs the orderly administration of justice. The impact is greatest when new grounds for setting aside guilty pleas are approved because the vast majority of criminal convictions result from such pleas. Moreover, the concern that unfair procedures may have resulted in the conviction of an innocent defendant is only rarely raised by a petition to set aside a guilty plea" (citation omitted).

As in *Hill,* we find it unnecessary to consider whether § 2255 relief would be available if a violation of Rule 11 occurred in the context of other aggravating circumstances. "We decide only that such collateral relief is not available when all that is shown is a failure to comply with the formal requirements of the Rule" (citation omitted).

*United States v. Timmreck, supra,* —— U.S. ——, ——, 99 S.Ct. 2087–2088.

■ We recognize that *Timmreck* arose under the 1966 version of Rule 11, which required that a defendant be informed of the consequences of his plea as opposed to the 1974 version, which mandates that a defendant be advised of the maximum possible penalty provided by law. *United States v. Timmreck, supra,* —— U.S. ——, 99 S.Ct. 2085. However, in the case at bar, appellant Sisneros was informed he could receive a fifteen-year prison term and a three-year special parole term. Since Sisneros received a ten-year prison sentence plus the three years special parole, the failure to advise that the special parole term *could have been* lifelong did not result in a miscarriage of justice. *United States v. Hamilton,* 553 F.2d at 66. Such omission is

merely a technical violation of Rule 11, which, absent extraordinary circumstances not here presented, is not cognizable under § 2255.

The judgment of the district court is affirmed.