**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Roy J. POGUE, Defendant-Appellant.**

No. 87–2286.

United States Court of Appeals, Tenth Circuit.

Jan. 12, 1989.

Robert N. Miller, U.S. Atty., Bruce F. Black, Asst. U.S. Atty., Denver, Colo., for plaintiff-appellee.

Roy J. Pogue, pro se.

Before McKAY, SEYMOUR, and HIGGINBOTHAM,* Circuit Judges.

PER CURIAM.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir.R. 34.1.8. The cause is therefore ordered submitted without oral argument.

On October 22, 1985, defendant pled guilty to two counts of wire fraud under 18 U.S.C. § 1343. At that time, he was informed by the district court that he faced a maximum possible sentence of ten years imprisonment and a $2,000 fine. One month later, the district court imposed a sentence of four and one-half years prison time and five years probation on the respective counts. As a condition of probation, the court ordered defendant to make restitution to two of the banks he had defrauded in the total amount of $1,758,-091.14, pursuant to the Victim and Witness Protection Act, 18 U.S.C. § 3579 (renumbered as 18 U.S.C. § 3663 effective Nov. 1, 1986).

In June 1987, defendant filed a motion to vacate or correct his sentence pursuant to 28 U.S.C. § 2255, raising the following grounds in support of the relief requested:

(1) Breach of defendant's plea agreement, which did not include any provision regarding restitution;

(2) Failure to inform defendant prior to pleading that restitution could be a part of the sentence imposed; and

(3) Failure to give proper consideration to the factors governing calculation of restitution.

The district court denied defendant's motion, and this appeal followed.

I.

When the government obtains a guilty plea based upon an agreement between the defendant and the U.S. Attorney, the agreement must be fulfilled in order to maintain the integrity of the plea. *United States v. Stemm*, 847 F.2d 636, 637 (10th Cir.1988). In considering any claim that such an agreement has been breached, we must first determine the nature of the prosecutor's promise. *Id.* This determination must be based upon "what the defendant reasonably understood when he entered his plea," without "resort[ing] to a rigidly literal approach in the construction of language." *United States v. Greenwood*, 812 F.2d 632, 635 (10th Cir.1987). The plea agreement in this case provided only that the government would bring no further charges in return for defendant's agreement to plead guilty. The agreement contained no provision regarding sentencing, and the government was free at sentencing

---

* The Honorable Patrick E. Higginbotham, Circuit Judge, United States Court of Appeals for the Fifth Circuit, sitting by designation.

to "make any statements in ... aggravation." *See* Plea Agreement, Exhibit A. Therefore, the government's recommendation and the Court's imposition of restitution could not have been contrary to defendant's reasonable understanding regarding sentencing. *See United States v. Pomazi*, 851 F.2d 244, 250–51 (9th Cir.1988) (government did not breach plea agreement by recommending restitution where plea agreement silent as to sentencing).

## II.

◼ The second ground advanced in the motion is more problematic. At the time defendant changed his plea to guilty, he was entitled to an explanation of the consequences of conviction, including the court's authority to order restitution. *See* Fed.R. Crim.P. 11(c)(1), as amended effective August 1, 1985; *see e.g.*, *United States v. Corn*, 836 F.2d 889, 893 (5th Cir.1988). Both the record of defendant's plea hearing and his written statement in advance of plea corroborate defendant's claim that he was not informed by the district court of the possibility of restitution prior to entering his plea. Indeed, absent testimony from former defense counsel, who has never been called upon to relate what information, if any, he provided defendant on the subject, the earliest we can say defendant knew he could be ordered to pay restitution was thirty minutes before sentencing, when the government first served defendant with its motion for the $1,758,091.14 in restitution.

The government essentially concedes that Rule 11 was violated, but argues that neither vacatur of defendant's conviction nor correction of his sentence is warranted at this late stage in the proceedings. The government relies on *United States v. Timmreck*, 441 U.S. 780, 99 S.Ct. 2085, 60 L.Ed.2d 634 (1979), in which the Supreme Court indicated that a violation of Rule 11 that does not implicate constitutional or jurisdictional concerns will not support a collateral attack on a guilty plea unless the error resulted in a "complete miscarriage of justice" or in a proceeding "inconsistent with the rudimentary demands of fair procedure." *Id.* at 783–84, 99 S.Ct. at 2087–88. In the government's view, such exceptional circumstances do not obtain here, and the rejection of defendant's Rule 11 claim should therefore be affirmed. The government emphasizes that defendant admittedly knew about the potential for restitution prior to imposition of sentence but, despite that knowledge, persisted with his guilty plea and took no appeal from his sentence. The district court agreed with the government's position, and summarily denied defendant's motion on this basis.

Before we address defendant's explanation for not abruptly withdrawing his plea at sentencing or at least raising some objection to restitution on a direct appeal, we note several important factors that distinguish this case from *Timmreck*. First and foremost, the sentence actually imposed in *Timmreck did not exceed* the maximum penalty the defendant had been (inaccurately) warned about, so the Court could properly conclude that the defendant had not suffered any prejudice as a result of the initial understatement of the maximum potential sentence. *See id.* at 782–83, 99 S.Ct. at 2086–87. This is also true of the several cases from this circuit that have denied relief under § 2255 for Rule 11 violations. *See United States v. Sisneros*, 599 F.2d 946, 948–50 (10th Cir.1979); *United States v. Eaton*, 579 F.2d 1181, 1183 (10th Cir.1978); *Evers v. United States*, 579 F.2d 71, 72–3 (10th Cir.1978), *cert. denied*, 440 U.S. 924, 99 S.Ct. 1253, 59 L.Ed. 2d 478 (1979); *United States v. Hamilton*, 553 F.2d 63, 66 (10th Cir.), *cert. denied*, 434 U.S. 834, 98 S.Ct. 122, 54 L.Ed.2d 96 (1977); *see also Hicks v. Oliver*, 523 F.Supp. 64, 67 (D.Kan.1981) (summarizing the thrust of *Timmreck* and *Eaton* as follows: "Courts may grant relief ... only where the total custodial time [actually imposed] ... exceeds the maximum possible sentence which the court told the defendant he might receive"). In the instant case, however, the $2,000 fine defendant was advised about prior to his plea is not remotely comparable in amount to the $1,758,091.14 restitution ultimately ordered by the district court. And this is not just a matter of money, because defendant may serve his

five-year probation term in prison if he fails to make restitution. In short, defendant can realistically claim prejudice not presented in *Timmreck* or similar cases from this circuit.

Second, the Court found it significant in *Timmreck* that the defendant "[did] not argue that he was actually unaware of the [potential sentence] or that, if he had been properly advised by the trial judge, he would not have pleaded guilty. His only claim was of a technical violation of the Rule." *United States v. Timmreck*, 441 U.S. at 784, 99 S.Ct. at 2087. By contrast, defendant here maintains, not without credibility on this record, that he was unaware of the possibility of restitution until he heard about it at sentencing and that, had he been told of his immense exposure to financial liability, he would not have agreed to plead guilty.

Finally, in *Timmreck*, the defendant's § 2255 motion was denied only after an evidentiary hearing at which former defense counsel testified that it was his routine practice to inform his clients about the very aspect of the defendant's potential sentence that the trial court had failed to explain (*i.e.*, the mandatory special parole term under 21 U.S.C. § 841). *Id.* at 782, 99 S.Ct. at 2086. This consideration is absent in the present case, where defendant's § 2255 motion was denied without a hearing or comparable evidentiary development, and therefore without an opportunity to examine the possibility of prejudice.

All of these distinctions would be beside the point, however, if, as the government contends, defendant was given an opportunity to withdraw his plea after he was told about restitution at the sentencing hearing. In that case, we could confidently say that defendant suffered no prejudice from the omission of any reference to restitution at the time of his plea. *See United States v. Grewal*, 825 F.2d 220, 222 (9th Cir.1987) (failure to inform defendant about restitution prior to guilty plea did not justify collateral relief where defendant declined opportunity to withdraw his plea after becoming aware of this potential consequence). The government points out that

defendant responded affirmatively when the district court inquired, during the opening moments of sentencing, whether he was "persisting or continuing" in his plea. However, defendant argues, with some force, that repeated admonishments from the bench at his plea hearing, to the effect that he would not thereafter be allowed to change his plea or appeal from his conviction, had misled him to believe his guilty plea was no longer open to alteration by the time he learned of the possibility of restitution. Absent evidence that counsel cleared up this alleged misunderstanding, it cannot be said that defendant was given a realistic opportunity to withdraw his plea after being informed restitution could be ordered. We therefore cannot conclude that defendant waived objection to restitution under the principles discussed in *Grewal*.

For the above reasons, we believe defendant has demonstrated a sufficiently substantial Rule 11 violation to be cognizable in a proceeding under 28 U.S.C. § 2255. Defendant has advanced a credible, largely undisputed factual claim of prejudice, as well as a facially sufficient explanation for his failure to raise the issue before. We note, however, that the summary nature of the district court's disposition of defendant's § 2255 motion left the government no occasion to present evidence potentially demonstrating that defendant actually had notice prior to pleading, from some source other than the court, that restitution could be ordered as part of his sentence, or that he was in fact aware of his right to seek withdrawal of his guilty plea after learning of this possibility. Defendant's claims would be significantly undercut if the government established either of these alternatives. With this in mind, we believe the government should be permitted to attempt such a showing on remand, if it so wishes. Accordingly, the denial of defendant's § 2255 motion is vacated with respect to the second ground asserted therein and the cause remanded to enable the district court to undertake one of the following courses of action: (1) further evidentiary development to determine when defendant was first made aware that restitution could

be ordered and whether defendant understood that he was entitled to seek leave to withdraw his plea at that time; (2) resentencing without reference to restitution; or (3) vacatur of defendant's conviction to permit him to withdraw his plea and face trial.

### III.

■ Finally, we turn to defendant's contention that the district court's calculation of restitution constituted an abuse of its substantial discretion in this area of sentencing. *See generally United States v. Richard,* 738 F.2d 1120, 1122 (10th Cir. 1984). We need not address defendant's specific arguments on this issue, because defendant and defense counsel stipulated on the record to the amount of restitution imposed and expressly waived any evidentiary hearing on the issue at sentencing. *See United States v. McMichael,* 699 F.2d 193, 195 (4th Cir.1983) (district court authorized to order restitution in any amount up to the sum defendant and counsel agreed to at sentencing hearing); *see also United States v. Davies,* 683 F.2d 1052, 1055 (7th Cir.1982) (denial of Fed.R.Crim.P. 35 challenge to size of restitution order affirmed in part because the order had been limited to "the amount of ... defendant's admitted depredations"); *see generally United States v. Franks,* 723 F.2d 1482, 1487 (10th Cir.1983) (in criminal prosecution for violation of tax laws, defendant may not be required to pay specific sum for unpaid taxes as condition for parole unless the amount has been conclusively established in the criminal proceeding, finally determined in civil proceedings, *or acknowledged by defendant*), *cert. denied,* 469 U.S. 817, 105 S.Ct. 85, 83 L.Ed.2d 32 (1984).

The order of the United States District Court for the District of Colorado denying defendant's § 2255 motion is AFFIRMED as it relates to the first and third grounds raised by defendant but VACATED as to ground two, and the cause is REMANDED for further proceedings consistent herewith.