974 F.2d 1345
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Barry B. BOYER, Petitioner-Appellant,
v.
Duane SHILLINGER and Attorney General of the State of
Wyoming, Respondent-Appellee.
 No. 92-8019.
 United States Court of Appeals, Tenth Circuit.
 Aug. 18, 1992.
 
 Before SEYMOUR, STEPHEN H. ANDERSON and BALDOCK, Circuit Judges.
 ORDER AND JUDGMENT*
 SEYMOUR, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.**
 
 
 2
 Barry Boyer appeals from the district court's denial of his petition for habeas corpus. He cites three basic areas of contention. First, he alleges several technical violations of Wyoming Rule of Criminal Procedure 15 (corresponding to Fed.R.Crim.P. 11) during the hearing on his guilty plea, all of which are uncontested. He also challenges the sentencing court's jurisdiction to impose restitution on him. Finally, he claims that he suffered from ineffective assistance of counsel.
 
 
 3
 While strict compliance with Rule 15 is desirable, the only constitutional requirement is that a guilty plea be knowing and voluntary. In the absence of constitutional error or special prejudice to the defendant, errors during the plea hearing are not grounds for collateral attack. United States v. Timmreck, 441 U.S. 780 (1979); see also Evers v. United States, 579 F.2d 71, 73 (10th Cir.), cert. denied, 440 U.S. 924 (1978). The errors in this case were purely technical and do not require reversal. With respect to Mr. Boyer's second argument, Wyoming law permits a sentencing court to order restitution to the victims of crimes. Wyo.Stat. §§ 7-9-102, 103 (1991). Mr. Boyer makes only conclusory allegations with respect to his third claim, for ineffective assistance of counsel, and offers no showing that the result of his proceedings would have been different had he been more thoroughly advised. Accordingly, we AFFIRM for substantially the reasons given by the district court.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 **
 We grant Mr. Boyer's motion for in forma pauperis status and for a certificte of probable cause