67 F.3d 312
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Erik SAED, Defendant-Appellant.
 No. 94-4265.
(D.C.No. 94-CR-75)
 United States Court of Appeals, Tenth Circuit.
 Oct. 6, 1995.
 ORDER AND JUDGMENT[1]
 
 1
 Before MOORE, BARRETT, and WEIS,* Circuit Judges.
 
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Defendant Erik Saed pled guilty to possession of a controlled substance with intent to distribute, 21 U.S.C. 841(a)(1), and carrying and using a firearm during a drug trafficking crime, 18 U.S.C. 924(c), and was sentenced to two consecutive sixty-month terms of imprisonment, followed by a sixty-month period of supervised release. He now appeals from that sentence, claiming the government's decision not to request a downward departure for substantial assistance under 18 U.S.C. 3553(e) and U.S.S.G. 5K1.1 breached his plea agreement. The district court rejected this claim, although it also offered defendant the opportunity to withdraw his plea and go to trial, which he declined. We affirm the sentence imposed by the district court for the reasons that follow.
 
 
 4
 On the night of his arrest, defendant was interviewed extensively by the Drug Enforcement Agency (DEA). Based on existing information, DEA personnel concluded that defendant had "provided [them] with absolutely nothing," R. Vol. II at 6, and informed the Assistant United States Attorney (AUSA) that they "were not interested in interviewing [him] any further," id. at 7. Eventually, defendant pled guilty pursuant to an agreement with the AUSA. Paragraph twelve of that agreement, which sets out the exclusive "terms and conditions" of the plea, includes the following substantial-assistance provision:
 
 
 5
 (4) The defendant will provide truthful, complete and accurate information, and will cooperate fully with the United States.
 
 
 6
 a. The defendant agrees to be fully debriefed and to attend all meetings at which his presence is requested, concerning his participation in and knowledge of all of all [sic] criminal activities.
 
 
 7
 b. The defendant agrees to furnish to the United States all documents and other material that may be relevant to the investigation and that are in the defendant's possession or control and to participate in undercover activities pursuant to the specific instructions of law enforcement agents or the United States.
 
 
 8
 c. The defendant agrees not to reveal his cooperation, or any information derived therefrom, to any third party without prior consent to [sic] the United States.
 
 
 9
 d. The defendant agrees to testify at any proceeding as requested by the United States.
 
 
 10
 ....
 
 
 11
 (6) If the United States determines that the defendant has cooperated fully, provided substantial assistance to law enforcement authorities and otherwise complied with the terms of this agreement, the United States will file a motion pursuant to Guidelines Manual 5K1.1 and 18 U.S.C. 3553(e) with the sentencing Court setting forth the nature and extent of his cooperation. Such a motion will permit the Court, in its discretion, to impose a sentence below the applicable Sentencing Guidelines range and also below any applicable mandatory minimum sentence. In this connection, it is understood that the United States' determination of whether the defendant has cooperated fully and provided substantial assistance, and the United States' assessment of the value, truthfulness, completeness and accuracy of the cooperation, shall be binding upon him. The United States cannot and does not make a promise or representation as to what sentence will be imposed by the Court.
 
 
 12
 R. Vol. I, doc 32, at 4-5 (emphasis added).
 
 
 13
 Defense counsel evidently made repeated efforts to arrange an interview in which defendant could attempt to satisfy the conditions for the downward departure motion contemplated by the quoted provision. Finally, an interview was conducted by DEA on the day set for sentencing. Because of obvious time constraints, the AUSA was not able to obtain a report of the interview and assess the degree and quality of defendant's cooperation before the hearing. Consequently, sentencing was continued for two weeks. At the subsequent hearing, the AUSA informed the court that no motion for downward departure would be made in light of the interim determination, based on both DEA interviews, that defendant had not provided the requisite substantial assistance. Defense counsel objected, arguing that the government had breached the plea agreement
 
 
 14
 by making no effort whatsoever, after numerous phone calls by the defendant through counsel to the D.E.A. agent, to attempt to debrief the defendant further.
 
 
 15
 The government's assertion that they already knew what he was going to say is inappropriate because they don't know what he was going to say based on what he had said previously. He had offered some information initially and then refused to proceed because he had that right to do so.
 
 
 16
 After the agreement, they were under contractual obligation to debrief ... the defendant, and they refused to do so. Therefore, they breached their contract and violated his due process rights, which is a constitutional right.
 
 
 17
 R. Vol. II at 16. As already noted, counsel declined the district court's offer to allow defendant to withdraw his plea, insisting instead that the court direct the government to move for a downward departure. Id. at 14-15, 17. The district court denied this request and sentenced defendant accordingly.[2]
 
 
 18
 We agree with the district court that defendant has not established a violation of the plea agreement warranting the relief requested. The government interviewed defendant and considered his offered assistance for purposes of a possible downward departure motion, as contemplated by the agreement. Defense counsel simply asserts, without citation to any supporting evidence, that the timing of the post-agreement interview unfairly prejudiced defendant by "render[ing][his] information less helpful," Appellant's Opening Brief at 7, leaving this court to speculate about what the information was, why it ever would have been valuable to DEA, and how it would have lost its usefulness during the short time frame in question. Similarly, notwithstanding defendant's conclusory and unsubstantiated complaint that "expectations and obligations were not met by the DEA's 'form' interview the day of sentencing," Appellant's Reply Brief at 6, nothing in the record shows that the government's determination of the substantial-assistance question was made in bad faith or for an unconstitutional motive.[3] Thus, we find no grounds for disturbing defendant's sentence based on either our de novo review of the government's performance of the specific duties imposed by defendant's plea bargain, see United States v. Massey, 997 F.2d 823, 824 (10th Cir.1993), or our circumscribed consideration of the AUSA's discretionary decision not to request a downward departure as a general matter, see Wade v. United States, 112 S.Ct. 1840, 1843-44 (1992); Lee, 989 F.2d at 379-80.
 
 
 19
 Finally, we note that the appropriate remedy for the government's breach of a plea bargain, e.g., specific performance of the unperformed promise or an opportunity for the defendant to withdraw his plea, is not up to the defendant but, rather, lies within the sound discretion of the district court. Peavy v. United States, 31 F.3d 1341, 1346 (6th Cir.1994); United States v. Anderson, 970 F.2d 602, 608 (9th Cir.1992); Kingsley v. United States, 968 F.2d 109, 113 (1st Cir.1992). Consequently, the district court's (rejected) offer to allow defendant to withdraw his plea after he learned of the government's adverse substantial-assistance determination undermines any claim of redressable prejudice. See United States v. Johnson, 973 F.2d 857, 861 (10th Cir.1992); see also United States v. Pogue, 865 F.2d 226, 229 (10th Cir.1989).
 
 
 20
 We have considered all of the arguments made by defendant and, whether expressly discussed above or not, each has been found to lack merit. The judgment of the United States District Court for the District of Utah is AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 *
 Honorable Joseph F. Weis, Jr., Senior Circuit Judge, United States Court of Appeals for the Third Circuit, sitting by designation
 
 
 [2]
 Without the requisite motion, the district court lacked authority to effect a downward departure on substantial-assistance grounds. United States v. Lee, 989 F.2d 377, 379 (10th Cir.1993); United States v. Vargas, 925 F.2d 1260, 1267 (10th Cir.1991)
 
 
 [3]
 That said, we also expressly endorse the district court's pointed criticism of the inadequate communication between DEA and the AUSA evidenced here. The confusion, delay, and resulting grievance prompting this appeal were entirely avoidable and, we hope, will not be repeated in other proceedings