**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 21 1998**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

JOSE GARCIA-BERMUDEZ,

      Petitioner-Appellant,

v.

JOSEPH BROOKS, Warden,

      Respondent-Appellee.

No. 98-1168
(D.C. No. 98-D-249)
(District of Colorado)

ORDER AND JUDGMENT[*]

Before **PORFILIO**, **KELLY**, and **HENRY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of this

appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered

submitted without oral argument.

Claiming surgery performed on his left wrist to correct a painful condition was not

the proper surgical procedure for his condition and that, as a consequence, he endures

---

[*] This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. This court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

continued severe pain, Mr. Garcia-Bermudez filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241. Petitioner, who is an inmate at FCI Englewood, Colorado, claims the pain he endures is the responsibility of the respondent, Warden Joseph Brooks; therefore, he is entitled to a credit of ten days for every day he has served in custody. The district court determined the claim petitioner raised was not cognizable in habeas corpus because it effectively attacked the medical care Mr. Garcia-Bermudez received while in custody. The court therefore dismissed the petition and this appeal ensued.

The theory presented by petitioner is novel indeed. Taken at face value, the theory is his sentence was for a term of years and undue pain and suffering was not a part of that sentence. Therefore, the fact that he endures pain violates the terms of his sentence and he is entitled to release. Additionally, because the surgeon who performed the operation at the Springfield Federal Medical Prison allegedly with deliberate indifference did not perform the correct procedure, petitioner continues to experience pain which constitutes a violation of the Eighth Amendment. Furthermore, the "custodian of Appellant's custody" refuses to perform the surgical procedure petitioner claims is necessary and, instead, "insists" on performing a different operation; therefore, he asserts, he is "subjected to endure a great amount of pain and suffering, directly inflicted upon him by the custodian of his custody."

It is evident petitioner has craftily combined claims of inadequate medical care with the law of habeas corpus to seek his early release from confinement. Indeed, he has

managed to contort allegations of medical mistreatment into a claim of unconstitutional conditions of confinement and to employ all the necessary legal buzz words in his papers to make a facial claim for his right to relief. Novel as his theories are, however, they do not constitute grounds for habeas corpus.

First of all, he has cited no authority, and we know of none, that would authorize a court to grant him ten days' worth of credit for each day he served even though that service was burdened by pain. Second, the complaint he has raised over the nature of the medical service he received does not rise to the level of deliberate indifference that would constitute a violation of the Eighth Amendment. Taken at face value, the only contention presented is that the doctor rendered the incorrect service, not that he was deliberately denied medical attention. This, as the district court observed, is no more than a claim possibly sounding in tort against the doctor. Third, his continued dispute, as alleged, over the type of surgery that must be performed on him to relieve his pain is nothing more than a difference of opinion between him and the government's physician. Because he disputes the treatment and apparently will not permit it is not grounds for his release from prison. Finally, as the district court ruled, the law of habeas corpus in this circuit is that his claims, as asserted, are not grounds for habeas relief. *United States v. Sisneros*, 599 F.2d 946, 947 (10th Cir. 1979) (medical mistreatment is not cognizable in federal habeas corpus).

The judgment of the district court is **AFFIRMED,** and the mandate shall issue forthwith.

ENTERED FOR THE COURT

John C. Porfilio
Circuit Judge