F I L E D
United States Court of Appeals
Tenth Circuit

DEC 31 1997

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

BARTON LEE MURPHY,

      Petitioner-Appellant,

v.

JOSEPH BROOKS,

      Respondent-Appellee.

No. 97-1175
(D.C. No. 97-S-186)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **BRORBY, EBEL** and **KELLY**, Circuit Judges.

      After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

      Mr. Murphy appeals the district court's dismissal of his 28 U.S.C. § 2241

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

petition for writ of habeas corpus. We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

Before going to prison, Mr. Murphy sold drugs. As a result of this activity, he was convicted of a number of federal drug-related offenses and sentenced to ten years in federal custody. In 1992, he escaped and eventually fled to Mexico. He was recaptured, brought back to the United States, and held in the El Paso County Jail. While in the El Paso facility, Mr. Murphy developed a bad rash, which he contends was not properly treated.

Mr. Murphy, whose jailhouse avocation appears to be litigation, filed a 28 U.S.C. § 2241 petition for writ of habeas corpus in the district court. In the petition, he requested a sentence reduction to compensate for the alleged medical mistreatment. The district court dismissed his complaint, finding "28 U.S.C. § 2241 is not an appropriate vehicle to obtain relief for the allegedly unconstitutional conditions of confinement to which [Mr. Murphy] was subjected." We review *de novo* a district court's denial of a habeas corpus petition. *See Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996).

Mr. Murphy provides no authority whatsoever to buttress his request for a

sentence reduction based on mistreatment by prison authorities. This court has already ruled that medical mistreatment claims are "not cognizable in a federal habeas corpus proceeding." *United States v. Sisneros*, 599 F.2d 946, 947 (10th Cir. 1979) (discussing a 28 U.S.C. § 2255 proceeding). As the court pointed out in *Sisneros*, Mr. Murphy must "resort to the Federal Tort Claims Act or a *Bivens*-type action" to obtain a remedy for the alleged wrongs of which he complains.[1] *Id.*

Mr. Murphy is no longer incarcerated at the El Paso County Jail, and his § 2241 motion does not challenge the constitutional validity of his current confinement. As such, the district court properly dismissed this petition.

The decision below is **AFFIRMED** and the appeal is **DISMISSED**.

**Entered for the Court**

**WADE BRORBY**
United States Circuit Judge

---

[1] Indeed, it appears Mr. Murphy has filed these claims in the United States District Court for the Western District of Texas.