**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 15 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

DAVID Y. MERRITT,

      Petitioner-Appellant,

v.

MICHAEL PUGH, Warden; M.
HAWK-SAWYER,

      Respondents-Appellees.

No. 00-1129

(D.C. No. 00-Z-455)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **BALDOCK**, **HENRY**, and **LUCERO**, Circuit Judges.[**]

      Petitioner David Y. Merritt, proceeding pro se, filed a petition for a writ of

habeas corpus pursuant to 28 U.S.C. § 2241 in federal district court challenging

his prison disciplinary proceedings and his conditions of confinement in federal

prison. The district court dismissed the petition without prejudice and denied

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and appellate record, the panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2)(c); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Petitioner's motion to proceed in forma pauperis on appeal. Petitioner appeals the dismissal and renews his motion to proceed in forma pauperis on appeal. We exercise jurisdiction pursuant to 28 U.S.C. § 1291. We deny Petitioner's motions and dismiss the appeal.

The issues in Petitioner's application fall into two categories: challenges to prison disciplinary actions and challenges to conditions of confinement. Regarding the prison disciplinary actions, Petitioner alleges that prison officials fabricated incident reports and deprived him of due process in disciplinary hearings in order to divest him of good time credits. For relief, Petitioner seeks expunction of the incident reports and restoration of the good time credits. Among Petitioner's complaints about the conditions of confinement are the mental-hospital-like conditions, lack of fresh air, and the lack of access to medical care. Petitioner seeks a prison transfer, more access to sunlight and the outdoors, and possession of dental care tools and eyeglasses.

A magistrate judge initially granted Petitioner's motion to proceed in forma pauperis. After reviewing the application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, the magistrate judge noted that Petitioner's challenges to the conditions of his confinement do not belong in a § 2241 action, but should be brought under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). See McIntosh v. United States Parole Comm'n,

115 F.3d 809, 811-12 (10th Cir. 1997). Accordingly, the magistrate judge construed the application as a civil action for purposes of 28 U.S.C. § 1915 and ordered Plaintiff to submit a new motion to proceed in forma pauperis–including a trust fund account statement–and file an amended pleading on a different form. Petitioner filed objections to the magistrate judge's order to cure deficiencies. He asked the district court to either grant his objections or dismiss the case immediately so he could appeal.

The district court overruled Petitioner's objections, denied his § 2241 application, and dismissed his case without prejudice. Petitioner filed a motion to proceed in forma pauperis on appeal, indicating that although he was aware that at least one of his claims concerned conditions of confinement, he believed that claim was cognizable in a § 2241 petition. The district court denied that motion, noting that Petitioner's appeal was not taken in good faith. See 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3).

After thoroughly reviewing the record on appeal, Petitioner's brief, and the district court's order, we conclude that Petitioner has failed to make a nonfrivolous argument for relief substantially for the reasons set forth in the district court's order of March 16, 2000. Accordingly, we deny Petitioner's motion to proceed in forma pauperis on appeal and dismiss his appeal. See Murphy v. Brooks, No. 97-1175, 1997 WL 796485 at *1 (10th Cir. Dec. 31, 1997)

-3-

(unpublished) (affirming the denial of a § 2241 action raising conditions of confinement claims). We note that the district court dismissed Petitioner's application without prejudice, allowing him to re-file his claims in compliance with the magistrate judge's order to cure deficiencies.

MOTION DENIED; APPEAL DISMISSED.

Entered for the Court,


Bobby R. Baldock
Circuit Judge