FILED
United States Court of Appeals
Tenth Circuit

September 28, 2007

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

CHARLES D. FRIEDMAN,

      Petitioner-Appellant,

v.

RANDY ANDERSON, U.S. Marshal,
District of Utah; and AARON D.
KENNARD, Sheriff, Salt Lake
County,

      Respondents-Appellees.

No. 07-4161
(D.C. No. 2:06-CV-1061-TC)
(D. Utah)

---

**ORDER AND JUDGMENT**[*]

---

Before **LUCERO, HARTZ,** and **GORSUCH**, Circuit Judges.

---

Charles Friedman filed a 28 U.S.C. § 2241 habeas corpus petition in the

District of Utah in December 2006, raising claims about inadequate medical care,

deprivation of legal papers and reference materials, and disciplinary segregation.

Compl. at 4, 6, 8.[1]  On June 22, 2007, the district court denied Mr. Friedman's

---

[*] After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.  This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1]  Mr. Friedman is not an infrequent litigant before this court.  His filings
(continued...)

petition because his challenges to the conditions of his confinement should have been brought as a civil rights action under 42 U.S.C. § 1983 rather than in a § 2241 habeas action. D. Ct. Op. at 1. Mr. Friedman timely appealed, arguing that the district court erred by denying his petition without granting him leave to amend.

Habeas corpus is not an appropriate vehicle to challenge conditions of confinement. *United States v. Sisneros*, 599 F.2d 946, 947 (10th Cir. 1979) (per curiam); *Merritt v. Pugh*, No. 00-1129, 2000 WL 770577, at *1 (10th Cir. June 15, 2000); *Murphy v. Brooks*, No. 97-1175, 1997 WL 796485, at *1 (10th Cir. Dec. 31, 1997). Mr. Friedman's complaints against Salt Lake County Sheriff's Office officials and the U.S. Marshals instead should be brought in a civil rights action pursuant to 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Furthermore, the district court did not err in denying the petition without first granting Mr. Friedman leave to amend, as the district court explicitly instructed that "the Court Clerk shall mail to Petitioner a form prisoner civil rights complaint—along with information on how to complete it—for Petitioner to file

---

[1](...continued)
here include 06-4226, an application to file a successive habeas petition which we denied; 07-4073, a mandamus petition we dismissed as moot; and 07-4116, a civil rights action we also dismissed.

in a new case if he wishes." D. Ct. Op. at 3. For the foregoing reasons, we affirm the district court's denial of Mr. Friedman's petition.

The district court did not address whether Mr. Friedman could proceed *in forma pauperis* on appeal, so we required him to file an application in this court, which he has done. Although § 2241 proceedings are not "civil actions" for purposes of 28 U.S.C. § 1915(a)(2)and (b), "[a] prisoner seeking to proceed in forma pauperis with his or her § 2241 petition remains obligated to comply with, and is subject to, all of the other provisions of 28 U.S.C. § 1915." *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997). Because Mr. Friedman has not demonstrated "the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal," we deny his application to proceed *in forma pauperis*. *Id.* (quoting *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991)).

ENTERED FOR THE COURT

Neil M. Gorsuch
Circuit Judge