**Charles J. CROSBY, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 26067.**

United States Court of Appeals
Fifth Circuit.

April 23, 1969.

Samuel S. Jacobson, Datz & Jacobson, Jacksonville, Fla., for appellant.

William A. Meadows, Jr., U. S. Atty., Michael J. Osman, Asst. U. S. Atty., Miami, Fla., by Jose E. Martinez, Asst. U. S. Atty., Miami, Fla., for appellee.

Before GEWIN, McGOWAN * and MORGAN, Circuit Judges.

PER CURIAM:

Appellant Crosby was tried and convicted of mail fraud and conspiracy in the United States District Court for the Southern District of Florida and was sentenced to two consecutive five-year terms. On direct appeal to this court, he argued *inter alia* that the district court "erred in refusing to allow either Crosby or his counsel to examine his presentence report." In rejecting his contention, this court stated:

[W]e find no abuse of discretion by the District Court here in refusing to allow Crosby access to the report. Of course our affirmance does not preclude Crosby from seeking a resentence in the District Court under F.R.Crim.P. 35 in which event he might persuade the court to exercise the discretionary authority under new Rule 32 to allow him to see the report and offer any comments or explanations he might have.

Bannister v. United States, 379 F.2d 750, 754 (5th Cir. 1967), cert. denied, 390 U.S. 927, 88 S.Ct. 861, 19 L.Ed.2d 988 (1968). Taking the cue given by the court, Crosby submitted motions in the district court for a reduction in sentence and for the disclosure of the presentence report. This appeal is from the denial of Crosby's motions.

The contention made on this appeal is that the district court erred in refusing to disclose the presentence report. As indicated above, this same contention was considered and rejected on the direct appeal. We need not consider the mat-

\* Judge Carl McGowan of the District of Columbia Circuit, sitting by designation.

ter again. See Putt v. United States, 392 F.2d 64, 65 n. 1 (5th Cir.), cert. denied, 393 U.S. 929, 89 S.Ct. 264, 21 L.Ed. 2d 266 (1968).

Affirmed.