**Amy L. BOLIN, Plaintiff–Appellant,**

v.

**SECRETARY OF HEALTH
AND HUMAN SERVICES,
Defendant–Appellee.**

**No. 93–2213.**

United States Court of Appeals,
Tenth Circuit.

May 27, 1994.

---

8. Both parties have briefed the adequacy of OSHA's ability to preserve inviolate any trade secrets MSCC may be forced to disclose, but we need not address this issue. MSCC's only actual contention is that OSHA failed to establish the need for the proprietary documents requested. As discussed in § II, *supra,* the test is not of necessity but authority and relevance, and OSHA has established both of these.

Before BALDOCK and McKAY, Circuit Judges, and BROWN,* District Judge.

* Honorable Wesley E. Brown, Senior District Judge, United States District Court for the Dis-

## ORDER

This matter is before the court on plaintiff's petition for rehearing. For the reasons that follow, we deny the relief requested.

On May 5, 1994, this panel affirmed a district court judgment that in turn affirmed a decision of the Secretary denying plaintiff social security benefits for lack of a demonstrated disability. After entry of our order and judgment, the clerk received a "Joint Stipulation of Remand," in which the parties "stipulate[d] that this action shall be remanded to district court with directions that the case be remanded to the Secretary for a finding that plaintiff is disabled as of her alleged onset date in this action, September 11, 1990 ... based on new and material evidence that was presented to the Secretary after the case was briefed before this court." Shortly thereafter, plaintiff filed the instant petition, resubmitting the substance of the stipulation but recasting its prescriptive terms into the precatory language of an application for judicial relief.

■ At the outset, we emphasize that parties cannot compel us to reverse (or modify) a district court's determination by stipulation. Reversal of a district court's order requires our examination of the merits of the case, thereby invoking our judicial function. Parties may not, by stipulation or other means, usurp our Article III powers. Parties may, of course, either (1) move to dismiss an appeal voluntarily, or (2) moot an appeal by acting in a manner that obviates resolution of the pending controversy, but in such cases this court can do no more than dismiss the appeal and, where appropriate, direct that the judgment appealed be vacated. Even joint action of the parties to an appeal may not effect or compel a substantive alteration of the judicial disposition under review.

■ Furthermore, plaintiff's invocation of our rehearing procedure is inapposite under the present circumstances. A petition for rehearing must challenge the correctness or propriety of a decision of this court. 10th

trict of Kansas, sitting by designation.

Cir.R. 40.1 ("Rehearing will be granted only if a significant issue has been overlooked or misconstrued by the court."). Plaintiff's petition, however, does not identify any error in our prior disposition. Rather, it represents that the Secretary has resolved, on the basis of matters external to the existing record, that plaintiff should receive benefits notwithstanding the adverse administrative and judicial determinations made in these proceedings. We are clearly not being asked to "rehear" our decision in this case.

We do not controvert the Secretary's discretionary authority to disregard disability decisions unfavorable to a claimant. *See* 20 C.F.R. §§ 404.988, 404.989; *see, e.g., Cottrell v. Sullivan,* 987 F.2d 342, 344–45 (6th Cir. 1992); *Brown v. Sullivan,* 932 F.2d 1243, 1246 (8th Cir.1991). However, as the cited authorities explain, the appropriate procedure is to reopen the administrative proceeding before the Secretary, in the present context "within four years of the date of the notice of the initial determination," § 404.-988(b). From our review of the record, it appears the parties have until November 29, 1994, to implement their stipulation of disability in the manner provided.

The petition for rehearing is denied.