F I L E D
United States Court of Appeals
Tenth Circuit

APR 02 1997

PATRICK FISHER
Clerk

PUBLISH

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

No. 95-2217

WILLIAM MICHAEL FURMAN,

Defendant-Appellant.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
(D.C. No. CIV-95-266-MV)

---

Submitted on the briefs:

John J. Kelly, United States Attorney, Paula G. Burnett, Assistant United States
Attorney, Albuquerque, New Mexico, for Plaintiff-Appellee.

William Michael Furman, pro se.

---

Before PORFILIO, ANDERSON, and BRISCOE, Circuit Judges.

---

PORFILIO, Circuit Judge.

Defendant appeals from a district court order dismissing his "First Amendment Rights Petition to Government to Redress Grievances; and Motion to Reduce and/or Vacate Sentence under Rule 35 of Rules of Criminal Procedure, and/or Rules 11, 32 and 33 of Rules of Criminal Procedure." Initially, this seventy-six page pleading mixed a wide variety of heterogeneous claims. Shortly after filing, however, defendant asked the district court to pare it down to a proper Rule 35 motion by dismissing without prejudice all claims implicating such other remedial mechanisms as 28 U.S.C. § 2255, presumably to allow for separate, unimpeded pursuit of the latter in a procedurally appropriate manner. The district court granted that request, and then dismissed the resulting Rule 35 motion as meritless. We affirm for the reasons stated below.[1]

Defendant was tried in the United States District Court for the District of New Mexico on various charges relating to bank fraud. The jury found him guilty on one count, acquitted him on two others, and was unable to reach a verdict on eight more. Thereafter, defendant reached an agreement with the government obviating further prosecution. This "Memorandum of Understanding and Agreement" provided that pre-guideline law would govern sentencing on the

---

[1]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

count of conviction, R. I doc. 6, exhibit 3 at 2, and that defendant would restrict any subsequent appeal to certain specified issues, id. at 3. In return, the government agreed that the remaining counts would be "dismissed with prejudice," id. at 1, but qualified this promise by reserving its rights (1) to "reinstitute all of the charges it is dismissing pursuant to this agreement" in the event defendant's appeal resulted in a remand or dismissal with respect to the count of conviction, id. at 3-4, and (2) to "make known to the probation service of the Court, for inclusion in the presentence report . . . any information the Government believes may be helpful to the Court," id. at 5. The government also promised it would "not object to the Defendant's request that sentence to be served in the custody of the Bureau of Prisons, if any is ordered, would include a recommendation by the Court for the Big Springs [Texas] facility." Id. at 4.

Defendant was sentenced under pre-guideline law, and then took a direct appeal as prescribed in the sentencing agreement. This court upheld his conviction and sentence. See United States v. Furman, 31 F.3d 1034 (10th Cir. 1994). Defendant, who is currently incarcerated at the federal penitentiary in Florence, Colorado, was never transferred to the Big Springs, Texas facility. Eventually, he commenced this proceeding in the federal district of New Mexico, seeking to vacate his conviction or correct/reduce his sentence. Among the

grounds asserted, defendant alleged the government had breached the sentencing agreement in several respects.

Given defendant's request for judicial redaction of his original petition with reference to Rule 35, the proceeding is not as broad as that omnibus pleading would suggest. Thus, we first identify those claims which were properly dismissed without prejudice when defendant's petition was transformed into a proper Rule 35 motion. We then reach the remaining objections and affirm their rejection on the merits.[2]

---

[2]      We are aware that, in denying relief, the district court erroneously relied on current Rule 35 rather than its broader pre-guideline counterpart, and that, in light of this error, the government concedes reversal and remand "is appropriate." Appellee's Answer Br. at 7-8. However, our analysis, which may rest "on any grounds for which there is a record sufficient to permit conclusions of law, even grounds not relied on by the district court," United States v. Sandoval, 29 F.3d 537, 542 n.6 (10th Cir. 1994) (quotations omitted), is not constrained by the government's ill-considered concession, see Koch v. United States, 47 F.3d 1015, 1018 (10th Cir.) (court is not bound by parties' stipulations regarding questions of law), cert. denied, 116 S. Ct. 303 (1995); United States v. Harrold, 796 F.2d 1275, 1279 (10th Cir. 1986) (disregarding government's concession of constitutional error). In particular,

> parties cannot compel us to reverse (or modify) a district court's determination by stipulation. Reversal of a district court's order requires our examination of the merits of the case, thereby invoking our judicial function. Parties may not, by stipulation or other means, usurp our Article III powers. Parties may, of course, either (1) move to dismiss an appeal voluntarily, or (2) moot an appeal by acting in a manner that obviates resolution of the pending controversy, but in such cases this court can do no more than dismiss the appeal and, where appropriate, direct that the judgment appealed be vacated.

(continued...)

Although broader than present Rule 35, the pre-guideline version of the rule still concerned only the correction/reduction of sentence. Fed. R. Crim. P. 35(a) (correction of illegal sentence and sentence imposed in illegal manner); 35(b) (discretionary reduction of sentence). Much of defendant's petition clearly relates to other matters. Many of his objections, regarding speedy trial, constructive amendment, double jeopardy, illegal seizure, and prosecutorial misconduct (selective prosecution and obstruction of justice), question the validity of his conviction, and thus were appropriately left to pursuit under § 2255. See United States v. Rourke, 984 F.2d 1063, 1067 (10th Cir. 1992); United States v. Hamilton, 553 F.2d 63, 65 (10th Cir. 1977). Others, concerning good-time credit and parole procedure, go to the execution of sentence and, thus, should be brought against defendant's custodian under 28 U.S.C. § 2241. See Brown v. Smith, 828 F.2d 1493, 1495 (10th Cir. 1987); Dunn v. United States Parole Comm'n, 818 F.2d 742, 744 (10th Cir. 1987); see also United States v. Scott, 803 F.2d 1095, 1096 (10th Cir. 1986). Still others, involving conditions of

---

[2](...continued)
Even joint action of the parties to an appeal may not effect or compel a substantive alteration of the judicial disposition under review.

Bolin v. Secretary of Health & Human Servs., 32 F.3d 449, 450 (10th Cir. 1994). As we hold defendant has failed to state a claim under former Rule 35, we affirm the dismissal of this action notwithstanding the district court's mistaken reliance on the new rule and the government's consequent concession of reversible error.

confinement and related civil rights allegations, are cognizable under <u>Bivens v. Six Unknown Named Agents</u>, 403 U.S. 388 (1971). <u>See</u> <u>Badea v. Cox</u>, 931 F.2d 573, 574 (9th Cir. 1991); <u>see, e.g.</u>, <u>United States v. Sisneros</u>, 599 F.2d 946, 947 (10th Cir. 1979); <u>cf.</u> <u>Richards v. Bellmon</u>, 941 F.2d 1015, 1018 (10th Cir. 1991) (same point made in 42 U.S.C. § 1983 context). These claims were all properly dismissed without prejudice, in accordance with defendant's own request.

Turning to matters appropriately considered under Rule 35, we review defendant's claims regarding breach of the sentencing agreement de novo. <u>See</u> <u>Cunningham v. Diesslin</u>, 92 F.3d 1054, 1058 (10th Cir. 1996). Our analysis focuses on the nature and extent of the promises made by the government, but is sensitive to the defendant's reasonable understanding thereof. <u>See</u> <u>United States v. Cooper</u>, 70 F.3d 563, 565-66 (10th Cir. 1995); <u>United States v. Pogue</u>, 865 F.2d 226, 227 (10th Cir. 1989). Nonetheless, obligations do not issue from mere silence; we shall not impose duties on the government that are not an express or implied part of its agreement with the defendant. <u>See, e.g.</u>, <u>Cunningham</u>, 92 F.3d at 1059; <u>Pogue</u>, 865 F.2d 227-28.

Defendant contends the government breached the sentencing agreement by (1) dismissing the eight unresolved counts *without prejudice* at sentencing, (2) including references to these counts in the presentence report, and (3) not transferring him to the Big Springs facility. All of these contentions are belied by

the plain language of the agreement. Given the express reservation regarding potential reinstatement of dismissed charges depending on the outcome of defendant's direct appeal, a formal, categorical dismissal with prejudice at sentencing was clearly not contemplated. Moreover, there is no allegation that the government has ever attempted to prosecute defendant on these charges in violation of the agreement. As for references to the dismissed counts in the presentence report, the agreement did not extend the government's forebearance beyond dismissal itself. Compare Pogue, 865 F.2d at 227-28 (promise not to press further charges did not entail limitation regarding use to enhance punishment, about which agreement was silent), with Allen v. Hadden, 57 F.3d 1529, 1535 (10th Cir.), cert. denied, 116 S. Ct. 554 (1995) (recognizing additional limitations on use of dismissed counts where government had added express assurance that they "would have no adverse effect on the defendant"). See generally Robinson v. Hadden, 723 F.2d 59, 63 (10th Cir. 1983) (absent express assurances to contrary, parole commission properly considered references in presentence report to counts dismissed under plea bargain). Further, the government specifically reserved the right to include in the presentence report any information it deemed useful. As to the site of incarceration, the government simply agreed not to object when plaintiff sought the court's recommendation for placement at Big Springs, and there is no allegation of any such objection.

Defendant challenges the sentencing proceedings in several other respects, none of which we find persuasive. First, he contends the district court violated Fed. R. Crim. P. 11 by failing to admonish him about the possible penalties he faced. Rule 11 applies to *plea* proceedings. Defendant was not pleading guilty to anything; he had already been convicted by a jury on the one count for which he was being sentenced. Second, he challenges the district court's refusal to use the guidelines to temper or cap the sentence imposed under pre-guideline law. This issue was raised and rejected on defendant's direct appeal, see Furman, 31 F.3d at 1038-39, and there are no special circumstances justifying a revisitation of the matter here under the auspices of Rule 35. See United States v. Mazak, 789 F.2d 580, 581 (7th Cir. 1986); Crosby v. United States, 410 F.2d 1145-46 (5th Cir. 1969). Third, defendant complains the district court failed to resolve, or to resolve properly, numerous objections to the presentence report, in violation of Fed. R. Crim. P. 32(c)(3)(D). However, the issues defendant raises in this connection do not involve factual inaccuracies in the report but, rather, legal objections to the district court's determination of his sentence (primarily involving the guideline arguments already rejected above).[3] See R. I doc. 1, at 25-37. As Rule 32 is not a vehicle for advancing legal challenges to sentencing,

---

[3] We deem defendant's perfunctory catch-all reference to "[o]ther matters objected to as seen in Docket Nos. 111, 129 & 149," R. I doc. 1, at 26, a clearly inadequate presentation of what objections, if any, are included therein.

"the district court was not obligated to make Rule 32(c)(3)(D) findings with regard to the disputed matters." United States v. Cox, 934 F.2d 1114, 1126-27 (10th Cir. 1991); see also United States v. Tovar, 27 F.3d 497, 500 (10th Cir. 1994).

Finally, we note that defendant's original petition included a section entitled "Mitigating and Extenuating Circumstances," R. I doc. 1, at 72-74, presumably seeking a discretionary reduction of sentence under Rule 35(b). Actually, two of the three matters discussed therein are not factual circumstances at all, but simply reiterations of defendant's speedy trial and sentencing guideline arguments, and, as such, they reflect a misemployment of Rule 35(b) similar to the misuse of Rule 32 explained above. In any event, defendant does not refer to Rule 35(b) or discretionary reduction of sentence in his briefs on appeal, even though his reply brief is devoted to the specification of matters he wants the district court to (re)consider on our anticipated remand. Instead, defendant focuses solely on the issues underlying the *legal* relief sought--vacatur of conviction, correction of sentence, and enforcement of the sentencing agreement. We see no reason to revive, sua sponte, any abandoned issues regarding discretionary reduction of sentence under Rule 35(b).

The judgment of the United States District Court for the District of New Mexico is AFFIRMED and all pending motions are denied.