F I L E D
United States Court of Appeals
Tenth Circuit

FEB 17 2000

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

LAWRENCE BURZYNSKI, also
known as Larry Burns, also known as
Barry J. Wilson,

      Defendant-Appellant.

No. 99-1359
(D.C. No. 95-CR-361-Z)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRORBY**, **EBEL** and **LUCERO**, Circuit Judges.

Defendant-Appellant Lawrence Burzynski ("Burzynski") appeals from a

district court order denying his petition for a writ of mandamus filed pursuant to

---

[*] After examining appellant's brief and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the
determination of this appeal. See Fed. R. App. P. 34(a)(2) and 10th Cir. R.
34.1(G). The case is therefore ordered submitted without oral argument. This
Order and Judgment is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be
cited under the terms and conditions of 10th Cir. R. 36.3.

28 U.S.C. § 1361.[1]  Our jurisdiction arises under 28 U.S.C. § 1291, and we

AFFIRM.

## BACKGROUND

Burzynski entered into a plea agreement with the United States in September 1998 in which he agreed to plead guilty to Counts 9 and 19 of the indictment, wire fraud and mail fraud respectively, in exchange for the dismissal of the remaining nineteen counts.  The Plea Agreement contains no reference to the facility at which Burzynski would serve his sentence.  However, during the district court hearing on September 2, 1998, at which Burzynski tendered his guilty pleas, Burzynski's counsel discussed with the trial judge his understanding, based on a telephone conversation with a Bureau of Prisons official, that Burzynski might be eligible for placement by the Bureau of Prisons in a federal prison camp.  Burzynski's counsel requested that the district court recommend to the Bureau of Prisons that Burzynski be placed in such a camp.  The government indicated that it would not object to such a recommendation, and the court stated that it would make such a recommendation.  At Burzynski's sentencing hearing, his counsel again requested that the district court recommend to the Bureau of Prisons that Burzynski be placed in a federal prison camp.  The government

---

[1] Section 1361 provides: "The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."

reiterated that it would not object to the recommendation. At both the hearing at which Burzynski entered his guilty pleas and at the sentencing hearing, the district court emphasized that it could only recommend and could not guarantee placement in a federal prison camp. The court ultimately made the recommendation, however the Bureau of Prisons did not place Burzynski in a federal prison camp as requested. On July 20, 1999, Burzynski filed a petition in the United States District Court for the District of Colorado for a writ of mandamus to enforce his plea agreement with the government, which he argued was breached, by requiring the Bureau of Prisons to designate the Federal Prison Camp at Nellis Air Force Base ("Nellis") as the place Burzynski will serve the remainder of his sentence. The district court denied this petition the same day, finding that Burzynski was not promised placement at Nellis but instead was promised that the court would only make a recommendation. The court found that this promise was fulfilled and therefore Burzynski's petition was without merit.

## DISCUSSION

Construing Burzynski's pro se pleadings liberally, see Haines v. Kerner, 404 U.S. 519, 520-21 (1972), Burzynski appears to make two arguments on appeal. Burzynski first argues that the government violated his plea agreement when it did not ensure that the Bureau of Prisons placed him in the federal prison camp. Whether government conduct has violated a plea agreement is a question

of law we review de novo. See United States v. Hawley, 93 F.3d 682, 690 (10th Cir. 1996). "Our analysis focuses on the nature and extent of the promises made by the government, but is sensitive to the defendant's reasonable understanding thereof." United States v. Furman, 112 F.3d 435, 439 (10th Cir. 1997). In this case, the plea agreement itself did not contain a promise that Burzynski would be placed in a federal prison camp. However, there was discussion during Burzynski's plea hearing and at his sentencing hearing that the court would recommend a federal prison camp and the government would not object. Even assuming, without deciding, that these statements are part of the plea agreement, it is clear that there was no promise made by either the government or the court to ensure that Burzynski was imprisoned at a federal prison camp. Based on our review of the record, it clear that the district court informed Burzynski that it only had the power to recommend a federal prison camp and that the Bureau of Prisons does not always follow these recommendations. Moreover, the government simply agreed not to object to the recommendation. The court made the recommendation and there is no allegation that the government ever objected to the recommendation, therefore, we find no breach of the plea agreement.

Burzynski's second argument is that the district court abused its discretion when it denied his petition for a writ of mandamus. "[W]e review a district court's denial of a mandamus for an abuse of . . . discretion . . .;however, we

consider de novo whether the legal prerequisites for such relief are present."

Marquez-Ramos v. Reno, 69 F.3d 477, 479 (10th Cir. 1995) (internal citations

omitted). Before mandamus can be issued, "there must be a clear right to the

relief sought, a plainly defined and peremptory duty on the part of respondent to

do the action in question, and no other adequate remedy available. . . . Petitioner

must also show that his right to the writ is 'clear and indisputable.'" Johnson v.

Rogers, 917 F.2d 1283, 1285 (10th Cir. 1990) (internal citations omitted).

In this case, Burzynski has failed to show that he has a clear right to relief.

As noted earlier, the court and the government made no promise that Burzynski

would be placed in a federal prison camp. The only promises made concerned the

court's promise to recommend a prison camp and the government's promise not to

object. Burzynski stated during the hearings before the court that he understood

the court could only recommend a prison camp and that the Bureau of Prisons

might disregard the recommendation. The court made the recommendation and

the government did not object, thus the agreement was properly enforced and

Burzynski does not have a right to any relief.

Moreover, mandamus is only appropriate if the respondent owes a clear

nondiscretionary duty. See Marquez-Ramos, 69 F.3d at 479. In this case, the

Bureau of Prisons was the agency that made the final determination of where

Burzynski would be housed. Congress has given the Bureau of Prisons broad

discretion in the designation of the correctional facility at which a federal prisoner will serve his term of imprisonment. 18 U.S.C. § 1321 provides that a sentenced defendant "shall be committed to the custody of the Bureau of Prisons" who "may designate any available penal or correctional facility . . . that the Bureau determines to be appropriate and suitable." This language clearly gives the Bureau of Prisons discretion as to where a prisoner will be housed. See United States v. Williams, 65 F.3d 301, 307 (2d Cir. 1995). Thus, because the Bureau of Prisons exercised its discretion under the statute, Burzynski is unable to show a "plainly defined and peremptory duty" to place him in a federal prison camp. We therefore find that the prerequisites for the issuance of a writ of mandamus have not been satisfied.

For the reasons stated above, we AFFIRM the district court's denial of the petition for a writ of mandamus and find that the government has not breached the plea agreement.

The mandate shall issue forthwith.

ENTERED FOR THE COURT


David M. Ebel
Circuit Judge

- 6 -