**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 4 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

_____

GARY DEAN CHILDERS,

    Petitioner-Appellant,

v.

RON CHAMPION, Warden,

    Respondent-Appellee.

No. 00-5056
(N.D. Okla.)
(D.Ct. No. 99-CV-231-E)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **BRORBY**, **KELLY**, and **MURPHY**, Circuit Judges.

_____

    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

    Appellant Gary Dean Childers, a state inmate appearing *pro se* and *in forma*

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

*pauperis*,[1] seeks a certificate of appealability to appeal the district court's dismissal of his 28 U.S.C. § 2254 habeas petition as time-barred.  Although Mr. Childers filed his petition under § 2254 and the district court construed it as a § 2254 petition, we construe it as a petition filed under 28 U.S.C. § 2241 because it challenges the execution of his sentence, rather than the validity of his sentence as required for filings under § 2254.  *See Montez v. McKinna*, 208 F.3d 862, 865 (10th Cir. 2000).  We exercise jurisdiction under 28 U.S.C. § 2253(a), deny Mr. Childers' application for a certificate of appealability,[2] and dismiss his appeal.

Mr. Childers is serving a prison term under an Oklahoma state conviction for first-degree rape and forcible sodomy of a minor girl.  *See Childers v. State,* 764 P.2d 900, 901-903 (Okla. Crim. App. 1988), abrogation on other grounds recognized in *Rogers v. State*, 890 P.2d 959, 966 n.3 (Okla. Crim. App. 1995).  In his federal habeas petition, Mr. Childers alleged a physical injury he received limited his ability to earn early release credits which he claimed he should

---

[1]  Mr. Childers' motion to proceed in forma pauperis is denied as moot in light of the district court having granted him leave to proceed in forma pauperis.

[2]  While a certificate of appealability is not necessary for a federal prisoner to proceed under § 2241, a state prisoner, like Mr. Childers, must obtain a certificate of appealability to appeal the denial of a habeas petition whether such petition was filed pursuant to §§ 2254 or 2241.  *See Montez*, 208 F.3d at 866-67, 869.  In this case, the district court denied Mr. Childers a certificate of appealability.

continue to receive in order to shorten his Oklahoma sentence. Mr. Childers also sought restoration of previously earned early release credits which Oklahoma revoked as a result of a disciplinary proceeding over a knife found in his cell, and previously earned credits allegedly lost by a miscalculation of prison officials after he was reclassified to unemployed status.

The district court referred the matter to a magistrate judge who recommended denying Mr. Childers' petition as time-barred. Specifically, the magistrate judge held that under 28 U.S.C. § 2244(d)(1)(D), Mr. Childers had one year, from the date on which the factual predicate of his claim could have been discovered through the exercise of due diligence, to timely file his habeas petition. In so holding, the magistrate judge determined the date on which the factual predicate of Mr. Childers' unearned credit claim could have been discovered through the exercise of due diligence was the date of his injury on March 15, 1995, because that is the day he became unable to earn early release credits by working. In addition, the magistrate judge determined the dates on which the factual predicate of Mr. Childers' disciplinary and miscalculated earned credit claims could have been discovered though the exercise of due diligence arose, at the latest, on October 30, 1996, when Mr. Childers alleged prison

officials removed his earned early release credits.[3]  Applying the one-year limitation period, the magistrate judge determined Mr. Childers' had until October 30, 1997 to file his petition.  However, the magistrate judge tolled Mr. Childers' limitation period for 411 days after October 30, 1997, or until December 15, 1998, which constitutes the amount of time Mr. Childers' state application for post-conviction relief was pending.  Because Mr. Childers did not file his initial petition until March 29, 1999, or more than three months after the statutory limitation period expired on December 15, 1998, the magistrate judge held that Mr. Childers' petition was untimely filed.  In so holding, the magistrate judge determined no other state post-conviction proceeding tolled the one-year limitation period and no situation existed entitling him to equitable tolling.

After reviewing Mr. Childers' objections to the magistrate judge's Report and Recommendation, the district court adopted the magistrate judge's report and dismissed Mr. Childers' petition with prejudice as barred by the statute of limitations.  In dismissing Mr. Childers' petition, the district court determined the period during which the Oklahoma Risk Management Division considered Mr.

---

[3] In using the October 30, 1996 date, the magistrate judge gave Mr. Childers the benefit of the doubt because Mr. Childers' consolidated record card indicated prison officials removed his earned credits one year earlier.

-4-

Childers' tort claims did not toll the limitation period for his habeas relief claim, and no other basis existed for equitable tolling.

On appeal, Mr. Childers raises the same issues raised in his petition and continues to argue the merits of his early release credit issues. As to the issue of whether his petition is time-barred, Mr. Childers again asserts the time during which the Oklahoma Risk Management Division considered his tort claims should toll his limitation period.

As previously noted, we construe Mr. Childers' petition as arising under 28 U.S.C. § 2241 because he challenges the execution of his sentence based on issues concerning his early release credits, rather than the validity of his conviction and sentence as required under § 2254. *See Montez*, 208 F.3d at 865. We have previously determined issues concerning early release credits, such as good time credit, are properly adjudicated under 28 U.S.C. § 2241, as issues concerning the execution of the defendant's sentence. *See United States v. Furman*, 112 F.3d 435, 438 (10th Cir. 1997); *Brown v. Smith*, 828 F.2d 1493, 1495 (10th Cir. 1987) (per curiam); *see also Spangle v. Holt*, 211 F.3d 1279, 2000 WL 504783, at *1 (10th Cir. Apr. 28, 2000) (unpublished opinion). We review *de novo* the district court's legal conclusions in dismissing a § 2241 habeas petition.

*Patterson v. Knowles*, 162 F.3d 574, 575 (10th Cir. 1998). We have previously applied the one-year limitation period and tolling provision specified in 28 U.S.C. § 2244(d) to determine whether a petition filed under § 2241 is time-barred. *See Osborn v. Everett*, 208 F.3d 226, 2000 WL 300216, at *1-2 (10th Cir. Mar. 23, 2000) (unpublished opinion).

"A certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Supreme Court has recently described the process by which an application for a certificate of appealability should be analyzed:

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.
>
> ... Each component of the § 2253(c) showing is part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments.

*Slack v. McDaniel*, ___ U.S. ___, ___, 120 S. Ct. 1595, 1604 (2000) (emphasis added). The Court reiterated that courts are encouraged to first resolve procedural issues before addressing a constitutional question. *See id.*

In this case, we agree with the magistrate judge and district court that Mr. Childers' petition is time-barred. While the magistrate judge and district court erred in construing Mr. Childers' petition as a § 2254 petition, such construction is harmless given they properly applied the applicable limitation period and tolling provisions. Because the magistrate judge and district court properly determined Mr. Childers' petition is time-barred, we decline to duplicate the same analysis here, other than to conclude Mr. Childers fails to make a substantial showing of the denial of a constitutional right as required for certificate of appealability under 28 U.S.C. § 2253(c)(2). Specifically, Mr. Childers fails to show that jurists of reason could debate whether the district court was correct in its procedural ruling. Thus, for substantially the same reasons contained in the magistrate judge's February 23, 2000 Report and Recommendation, and the district court's March 22, 2000 Order, we deny Mr. Childers' application for a certificate of appealability and **DISMISS** his appeal.

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge