Jefferson W. SANDERS, Petitioner–
Appellant,

v.

Robert D. HANNIGAN and Attorney
General of the State of Kansas,
Respondents–Appellees.

No. 01–3123.

United States Court of Appeals,
Tenth Circuit.

May 22, 2002.

Before TACHA, Chief Judge,
SEYMOUR, Circuit Judge, and BRORBY,
Senior Circuit Judge.

## ORDER AND JUDGMENT *

BRORBY, Senior Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R.App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Petitioner Jefferson W. Sanders appeals the district court's denial of his petition for a writ of habeas corpus, brought pursuant to 28 U.S.C. § 2254. Because the State of Kansas did not lose jurisdiction over petitioner when he was paroled into federal custody and did not impermissibly apply an ex post facto regulation to petitioner, we affirm the district court's resolution of these issues. We deny petitioner's application for a certificate of appealability on the issue of whether the State violated the Interstate Agreement on Detainers Act (IADA).

On March 26, 1979, petitioner was convicted of rape, for which he received a sentence of ten to thirty years in the custody of the Kansas Department of Corrections. On November 1, 1989, petitioner was paroled to federal authorities to permit him to serve a consecutive federal sentence. Petitioner's Certificate of Parole contained the following terms: (1) that petitioner "remain within the limits fixed by [the Kansas] Parole Board and the Secretary of Corrections . . . until 01–06–2009, the date of expiration of the maximum term . . . unless [a] Certificate of Discharge is issued by the Parole Board prior thereto"; (2) that the federal authorities were requested to notify the Kansas Department of Corrections Division of Parole when proceedings were complete "in order that [petitioner's] parole status may be reviewed"; and (3) that petitioner agreed that "if [he] reach[es his] conditional release while on parole, [his] status will automatically be that of a conditional release and that all conditions of parole will continue to apply to [him], unless [he is] otherwise notified, in writing, by the Kansas Parole Board." Aplee. Br., App. at 1–2.

Petitioner was released from federal custody in April 1992. In October 1992, the Kansas Parole Board revoked petitioner's parole and he was reincarcerated. That same month, the Kansas Parole Board issued petitioner a certificate of parole which stated that he was to remain "within the limits fixed by said Parole Board and the Secretary of Corrections . . . until . . . the date of expiration of the maximum term or terms of sentence, unless Certificate of Discharge is issued by the Parole Board prior thereto." *Id.* at 4. Again, the certificate included the requirement that if petitioner reached his conditional release date while on parole, "all conditions of parole will continue to apply." *Id.* at 5. Petitioner's parole was rescinded before his release, however, because he received two disciplinary reports.

On January 21, 1994, the Kansas Parole Board issued a certificate of conditional release, which stated that petitioner would be "under the jurisdiction of the Kansas Parole Board and the Secretary of Corrections until expiration of the maximum term or terms of sentence, namely January 6, 2009, unless certificate of Discharge is issued prior thereto." *Id.* at 6. Petitioner was released from prison in February 1994. In March 1995, petitioner's condi-

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

tional release was revoked for failure to report to his parole officer.

On April 21, 1995, petitioner filed a state habeas petition in which he argued that the Kansas Parole Board had violated the prohibition against ex post facto laws by applying the 1994 version of a regulation regarding conditional release instead of the regulation that was in effect when he first was paroled, and that the Parole Board lost jurisdiction over him when they paroled him to serve his federal sentence. The Kansas court denied his petition, and on December 18, 1998, the Kansas Court of Appeals affirmed the denial. On February 2, 1999, the Kansas Supreme Court denied review.

While petitioner's first state habeas petition was pending, he filed two other proceedings. In January 1996, he filed a petition for a writ of mandamus which was denied on February 6, 1996. In January 1996, petitioner also filed a habeas petition, arguing that the State had lost jurisdiction over him when they released him to federal custody and that the State violated the IADA. This second petition was denied in January 1997.

On March 16, 1999, petitioner filed this habeas proceeding in the federal district court, arguing that (1) the State of Kansas lost jurisdiction over him when they released him to federal custody and thus had no authority to revoke his conditional release; (2) the application of a 1994 regulation regarding conditional release violated the prohibition against ex post facto laws; and (3) the release of petitioner before the expiration of his state sentence violated the IADA. The district court rejected these claims, holding that (1) the State did not relinquish parole jurisdiction over petitioner when it released him to federal authorities; (2) petitioner could not show that he was disadvantaged by application of the 1994 regulation regarding conditional release and thus did not demonstrate an

ex post facto violation; and (3) petitioner's argument regarding the IADA did not raise a constitutional issue. The district court granted petitioner a certificate of appealability on the first and second issues.

■ On appeal from the district court's denial of a habeas petition, we review the district court's factual findings for clear error and its legal conclusions *de novo. Rogers v. Gibson,* 173 F.3d 1278, 1282 (10th Cir.1999). We note initially that because petitioner's challenges go to the execution of his sentence, his petition should have been brought pursuant to 28 U.S.C. § 2241. *See United States v. Furman,* 112 F.3d 435, 438 (10th Cir.1997). We will treat the petition as if it were filed under § 2241.

■ Petitioner argues first that the State violated the ex post facto clause of the United States Constitution by applying a regulation enacted in 1994, which does not specify a term limit for a prisoner's conditional release, instead of a 1983 regulation which provided:

> Conditional releasees may be placed under mandatory in-state parole supervision for approximately ninety (90) to one hundred eighty (180) days, as determined by the authority and upon the recommendation of the unit team or designated institutional officials. Extended supervision may be allowed, but not to exceed the maximum term, on approval of the authority and based on the supervising parole officer's recommendation.

Aplt. Br., App. 1 at 5. He argues that under this regulation, the term of his conditional release would have expired before he committed the infractions for which his conditional release was revoked.

Article I, § 10, of the Constitution prohibits the States from passing any "ex post facto Law." This constitutional protection "bars application of a law that changes the punishment, and inflicts a greater punish-

ment, than the law annexed to the crime, *when committed.*" *Johnson v. United States,* 529 U.S. 694, 699, 120 S.Ct. 1795, 146 L.Ed.2d 727 (2000) (quotation omitted, emphasis added). Two elements must be present for a law to fall within the ex post facto prohibition: "first, the law must be retrospective, that is, it must apply to events occurring before its enactment; and second, it must disadvantage the offender affected by it." *Miller v. Florida,* 482 U.S. 423, 430, 107 S.Ct. 2446, 96 L.Ed.2d 351 (1987) (internal quotations and citations omitted).

Here, petitioner has not demonstrated either of these elements. Petitioner committed his offense on January 4, 1979. Because the ex post facto clause operates to freeze petitioner's punishment as of this date, the provisions of a regulation enacted in 1983 are irrelevant. As we have not been provided with the regulation that was in effect when petitioner committed his crime, he has not shown an ex post facto violation.

Even assuming that a regulation similar to the 1983 version was in effect when petitioner committed his offense, there is no evidence that the 1994 regulation was applied to petitioner. From his initial release in 1989, the Kansas Parole Board has conditioned petitioner's release on supervision through the end of his sentence. As the Parole Board had discretion to place petitioner on extended supervision under the old regulation, he has not shown that they applied the 1994 regulation retrospectively. For the same reason, petitioner cannot show that application of the 1994 regulation would disadvantage him.

Citing *Shields v. Beto,* 370 F.2d 1003 (5th Cir.1967), petitioner argues that the State of Kansas waived jurisdiction over him when they released him to serve his federal sentence in 1989. Petitioner's situation is not akin to that of *Shields,* however, as the State did not release him in the middle of his sentence, but instead on parole, and it did not wait twenty-eight years to reassert jurisdiction over him. Kansas made it quite clear in its Certificate of Parole that petitioner would remain under its jurisdiction until January 2009. Unlike *Shields,* the State also requested notice from the federal authorities before petitioner was released, and petitioner was clearly informed that a violation of his parole would subject him to reincarceration. The district court did not err in denying this claim.

Finally, petitioner seeks a certificate of appealability on his claim that his release to federal authorities violated the IADA. Because petitioner has not made a substantial showing of the denial of a constitutional right, we deny his request for a certificate of appealability on this issue.

Petitioner's motion for a certificate of appealability on the IADA issue is DE-NIED, and the judgment of the United States District Court for the District of Kansas is AFFIRMED.