**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 12 2004**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

EDGAR LEE DURRE,

      Petitioner - Appellant,

v.

CARL ZENON, Warden, Colorado
Parole Board, COLORADO PAROLE
BOARD; COLORDO ATTORNEY
GENERAL; CHRIS DEVLIN, Hearing
Judge; DANIEL MORALES, Hearing
Judge,

      Respondents - Appellees.

No. 04-1080
(D.C. No. 03-Z-1982)
(D. Colo.)

---

**ORDER DENYING A CERTIFICATE OF
APPEALABILITY**

---

Before **SEYMOUR**, **LUCERO**, and **O'BRIEN**, Circuit Judges.

---

Pro se petitioner Edgar Lee Durre, a Colorado state prisoner, requests a

Certificate of Appealability ("COA") to appeal the district court's denial of his 28

U.S.C. § 2254 petition based on his failure to timely file. For substantially the

same reasons as the district court, we **DENY** a COA and **DISMISS** this matter.

On September 12, 2003, Durre commenced a § 2254 action to challenge the denial of his parole. The district court recharacterized Durre's § 2254 petition as one brought pursuant to 28 U.S.C. § 2241 because Durre sought to attack the execution of his sentence rather than its underlying validity. See Montez v. McKinna, 208 F.3d 862, 865 (10th Cir. 2000); see also United States v. Furman, 112 F.3d 435, 438 (10th Cir. 1997) (reasoning that challenges concerning parole procedures "go to the execution of sentence and, thus, should be brought against defendant's custodian under 28 U.S.C. § 2241").

Because Durre's petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), AEDPA's provisions apply to this case. See Rogers v. Gibson, 173 F.3d 1278, 1282 n.1 (10th Cir. 1999). AEDPA provides a one-year limitation period for an application for habeas relief, which in this case began to run on October 1, 2001, the date on which the denial of Durre's parole occurred. See 28 U.S.C. § 2244(d). After ordering Durre to show cause why his petition should not be denied pursuant to AEDPA's one-year limitation period, the district court dismissed his petition. Durre now appeals from the dismissal of his petition.[1]

_____

[1] AEDPA conditions a state petitioner's right to appeal a denial of habeas relief under § 2241 upon a grant of a COA. 28 U.S.C. § 2253(c)(1)(A). A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." § 2253(c)(2). This requires Durre to demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the

(continued...)

On appeal, Durre argues that because he is challenging the parole board's denial of parole, rather than his "original sentence," AEDPA's one-year limitation period should not apply. However, we have held that a challenge to the execution of a state sentence—here the denial of parole—is properly brought as an application for writ of habeas corpus under 28 U.S.C. § 2241. See Montez, 208 F.3d at 865 ("A habeas corpus proceeding attacks the fact or duration of a prisoner's confinement and seeks the remedy of immediate release or a shortened period of confinement.") (quotation omitted). As such, Durre's habeas petition is subject to a one-year limitation period pursuant to 28 U.S.C. § 2244(d). Burger v. Scott, 317 F.3d 1133, 1138 (10th Cir. 2003).

Having reviewed the material portions of the record and the brief on appeal, we agree with the district court that Durre's petition is untimely. Accordingly, we conclude that reasonable jurists would not debate whether Durre's § 2241 petition is barred by AEDPA's one-year limitation period. See 28 U.S.C. § 2244(d).

Durre's request for a COA is **DENIED,** and this application is **DISMISSED**. Durre's request to proceed on appeal pursuant to 28 U.S.C. § 1915

---

[1](...continued)
petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quotations omitted). Because the district court denied Durre a COA, he may not appeal the district court's decision absent a grant of a COA by this court.

is **GRANTED**.

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge