**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 19 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JULIUS LESLIE STEWART,

　　　Plaintiff-Appellant,

v.

TIM LEMASTER, Warden, New
Mexico State Penitentiary; CHET
EDWARDS, Unit Manager,
Penitentiary of New Mexico; CARLOS
VALDEZ, Unit Manager, Penitentiary
of New Mexico,

　　　Defendants-Appellees.

No. 04-2174
(District of New Mexico)
(D.C. No. CIV-04-507-MCA/WDS)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE, LUCERO**, and **MURPHY**, Circuit Judges.

After examining appellant's brief and the appellate record, this court has

determined unanimously that oral argument would not materially assist the

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Appellant Julius Stewart, a state prisoner proceeding *pro se*, filed a complaint pursuant to 42 U.S.C. § 1983 asserting that Defendants violated his constitutional right to due process when they implemented disciplinary sanctions resulting in the termination of his ability to earn good time credits. Stewart sought both the restoration of good time credits and monetary damages. The district court dismissed Stewart's complaint without prejudice, concluding that an action seeking the restoration of good time credits must be brought under the habeas corpus statutes with exhaustion of state remedies required. *See United States v. Furman*, 112 F.3d 435, 438 (10th Cir. 1997). The court further concluded that Stewart's claims for damages were barred by *Heck v. Humphrey*, 512 U.S. 477 (1994) and *Edwards v. Balisok*, 520 U.S. 641, 648 (1997).

Stewart then filed the instant appeal together with a request to proceed *in forma pauperis*. In his appellate brief, Stewart does not address the grounds upon which the district court dismissed his complaint but, instead, presents arguments challenging his underlying conviction and sentence. Having reviewed the record, Stewart's appellate brief, and the applicable law, we conclude that the dismissal of Stewart's § 1983 complaint was proper. Accordingly, the district court's order dismissing Stewart's complaint without prejudice is **affirmed** for substantially

the reasons stated by the district court in its Memorandum Opinion and Order

dated June 30, 2004. Stewart's motion to proceed *in forma pauperis* is **granted**.

Stewart is reminded that he remains obligated to continue making partial

payments until his appellate filing fee is paid in full. *See* 28 U.S.C. § 1915(b).

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge