FILED
United States Court of Appeals
Tenth Circuit

**July 11, 2011**

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

CANDY COPPINGER,

      Plaintiff - Appellant,

    v.

EXECUTIVE DIRECTOR ARISTEDES
W. ZAVARAS; GRIEVANCE OFFICER
ANTHONY DeCESARO; WARDEN
LARRY REID; ASSOCIATE WARDEN
KELLIE WASKO; MAJOR MCGOWN;
MAJOR THOMPSON, CAPTAIN FILER,
LIEUTENANT SCOLERI; LIEUTENANT
HUGHBANKS; SARGENT MINJAREZ;
SARGENT SALAZAR; CORRECTIONAL
OFFICER MILLER; GRIEVANCE
COORDINATOR ELMA BIRD, and
UNKNOWN,

      Defendants - Appellees.

No. 11-1107

(D. Colorado)

(D.C. No. 1:10-CV-02555-LTB)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE,** Chief Judge, **ANDERSON**, and **MURPHY**, Circuit Judges.

---

[*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

After examining appellant's brief and the appellate record, this court has determined unanimously that oral argument would not materially assist the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Appellant Candy Coppinger, a Colorado state prisoner proceeding *pro se*, filed a complaint pursuant to 42 U.S.C. § 1983 asserting Defendants violated her constitutional right to due process by failing to follow prison administrative regulations in processing her grievances and failing to properly address the grievances.  She also alleged Defendants failed to provide her with necessary information on administrative regulations, ACA standards, clinical standards, statutes, dietary standards, medical standards, dental standards, and mental health standards.  Finally, she asserted claims relating to a prison disciplinary hearing conducted on February 25, 2010.  According to Coppinger, that hearing resulted in her loss of a "two-man room," good-time credits, and her prison job. Coppinger sought monetary damages[1] and injunctive relief.

The district court dismissed Coppinger's complaint as legally frivolous. *See* 28 U.S.C. § 1915(e)(2)(b)(i).  As to her claims challenging Defendants'

---

[1]Coppinger's claims for damages are barred by *Heck v. Humprey*, 512 U.S. 477 (1994) and *Edwards v. Balisok*, 520 U.S. 641, 648 (1997).  The district court, however, dismissed those claims with prejudice on the merits.  This approach was entirely proper.  *See Jiron v. City of Lakewood*, 392 F.3d 410, 413 n.1 (10th Cir. 2004) (noting *Heck* is not jurisdictional and proceeding to evaluate the merits of the *Heck*-barred claims).

failure to follow administrative regulations, the court concluded those claims did not implicate any due process rights. *See Sandin v. Conner*, 515 U.S. 472, 484 (1995) (holding state-created liberty interests protected by the Due Process Clause are "limited to freedom from restraint" that "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life"); *see also Hovater v. Robinson*, 1 F.3d 1063, 1068 n.4 (10th Cir. 1993) ("[A] failure to adhere to administrative regulations does not equate to a constitutional violation."). As to the claims arising from the disciplinary hearing, the district court determined Coppinger only had a constitutionally protected liberty interest in the loss of good-time credits.[2] *See Sandin*, 515 U.S. at 484. The court proceeded to evaluate those claims under *Wolff v. McDonnell*, concluding Coppinger had received all the safeguards to which she was entitled. *See* 418 U.S. 539, 563-66 (1974) (holding an inmate has a due process right to (1) advance written notice of the disciplinary charges; (2) an opportunity to call witness and present evidence, and (3) a written statement of the evidence relied upon and the reasons for the disciplinary action).

---

[2]In her claim for relief, Coppinger did not specifically seek the restoration of the good-time credits. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) ("[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."); *see also United States v. Furman*, 112 F.3d 435, 438 (10th Cir. 1997).

The district court also addressed Coppinger's claim that defendant Wasko discriminated against her by making a derogatory comment in a letter and causing her to lose her housing assignment. The court concluded Coppinger's allegations were conclusory and did not support a claim she was denied her constitutional right to equal protection. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007) (holding dismissal of a complaint is appropriate if plaintiff fails to plead "enough facts to state a claim to relief that is plausible on its face"). Accordingly, the district court dismissed Coppinger's complaint as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(b). The court thereafter denied Coppinger's "motion for reconsideration." *See* Fed. R. Civ. P. 59(e).

Coppinger then filed the instant appeal together with a request to proceed *in forma pauperis*. Having reviewed the record, Coppinger's appellate brief, and the applicable law, we discern no reversible error in the dismissal of Coppinger's § 1983 complaint. Accordingly, the district court's order dismissing Coppinger's complaint is **affirmed** for substantially the reasons stated by the district court in its Order of Dismissal dated February 22, 2011. Coppinger's motion to proceed *in forma pauperis* is **denied** and she is reminded that she must make immediate

-4-

payment of the unpaid balance of her appellate filing fee.  All other outstanding

motions are **denied**.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge