**FILED**
**United States Court of Appeals**
**Tenth Circuit**

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

**June 15, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

_____

BRYCE FRANKLIN,

    Plaintiff - Appellant,

v.

FNU HORTON, Warden; HECTOR H.
BALDERAS, Attorney General for the
State of New Mexico,

    Defendants - Appellees.

No. 22-2030
(D.C. No. 1:19-CV-00450-MIS-KRS)
(D. N.M.)

_____

## ORDER DENYING CERTIFICATE OF APPEALABILITY[*]
_____

Before **PHILLIPS**, **MURPHY**, and **EID**, Circuit Judges.
_____

Bryce Franklin, a New Mexico state prisoner proceeding pro se, requests a

certificate of appealability ("COA") to appeal the dismissal of his 28 U.S.C. § 2241

petition.[1] Because the district court's ruling is not reasonably debatable, we deny a COA

and dismiss the appeal.

---

[*] This order is not binding precedent except under the doctrines of law of the case,
res judicata, and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Franklin styled his petition as one brought under 28 U.S.C. § 2254. But the
district court correctly construed it as a § 2241 petition because it attacks the execution of
his sentence. *See United States v. Furtnan*, 112 F.3d 435, 438 (10th Cir. 1997).

To appeal the dismissal of a § 2241 petition, a state prisoner must obtain a COA. *Montez v. McKinna*, 208 F.3d 862, 867 (10th Cir. 2000). We will issue a COA only if the prisoner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotations omitted).

Franklin argues that his due process rights were violated during a prison disciplinary proceeding for possessing tattoo paraphernalia. Specifically, he argues that (1) there was insufficient evidence to support a finding of wrongdoing, and (2) he was prohibited from calling a witness (a fellow prisoner) who could have allegedly provided favorable testimony.

The district court, and the magistrate judge for that matter, thoroughly examined both arguments. After providing detailed reasoning, it concluded that Franklin's due process rights were not violated. On appeal, Franklin fails to adequately identify any errors in the district court's analysis. Nor do we see any. So, because the district court's ruling is not fairly debatable, we deny a COA and dismiss the appeal.[2]

Entered for the Court

Gregory A. Phillips
Circuit Judge

---

[2] We grant Franklin's motion to proceed in forma pauperis, but we remind him that he must make partial payments until the fee is paid in full.